UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS, <br><br> Defendants, | Civil Action No. <br><br> (Superior Court Department, C.A. No. 2573-CV-00914) |

## NOTICE OF REMOVAL

Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe and Brian Higgins (collectively, "Removing Defendants") hereby remove Case No. 2573-CV-00914 (entitled *Karen Read, Plaintiff v. Michael Proctor, et al., Defendants*) from Bristol County Superior Court (the "Superior Court") to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1331 and 1441[1], and as grounds for their removal state as follows:

---

[1] In filing this Notice of Removal, Removing Defendants preserve all defenses and objections, including those pursuant to Federal Rule of Civil Procedure 12(b). *See* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'")).

1

## STATEMENT OF THE CASE

1. On or about November 17, 2025, Plaintiff Karen Read ("Plaintiff") filed the above-captioned action in the Superior Court (the "State Court Action"). The Complaint purports to assert seven causes of action: 42 U.S.C. § 1983 – Malicious Prosecution under the Fourth Amendment (Count 1); 42 U.S.C. § 1983 – Supervisor Liability (Count 2); 42 U.S.C. § 1983 – Conspiracy to Deprive Ms. Read of Her Fourth Amendment Rights (Count 3); Massachusetts Civil Rights Act (Count 4); Common Law Malicious Prosecution (Count 5); Intentional Infliction of Emotional Distress (Count 6); and Civil Conspiracy (Count 7), with Counts 3, 4, 5, 6 and 7 being asserted against the Removing Defendants. A true and correct copy of the Complaint; Civil Action Cover Sheet; Civil Tracking Order; Acceptance of Service on Defendant Brian Tully; and Acceptance of Service on Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe and Brian Higgins are attached hereto as Exhibit A.[2]

2. By way of background, the Superior Court Action arises from Plaintiff's ongoing and malicious attempt to evade responsibility for the death of John O'Keefe by smearing and defaming witnesses who participated in the prosecution of her. The case is a vengeful abuse of the judicial process, and Removing Defendants will make arguments in that regard at the appropriate time.

## REMOVAL

3. Counsel for Removing Defendants accepted service of process on Removing Defendants' behalf on November 25, 2025. (*See* Ex. A., pp. 53-54). Therefore, Removing Defendants are timely filing this Notice of Removal within the 30-day time period from date of

---

[2] No proceedings have occurred or been scheduled in the State Court Action. Accordingly, Exhibit A constitutes all process, pleadings, and orders that have been served on Removing Defendants or retrieved from the Superior Court's docket prior to the filing of this Notice.

service set forth in 28 U.S.C. § 1446(b).[3] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint).

4. All named defendants who have been served consent to and join in this removal in accordance with 28 U.S.C. § 1446(b)(2)(A). Defendant Brian Tully's acceptance of service was docketed in the Superior Court on November 24, 2025, and counsel for Defendant Tully has confirmed that he assents to this removal. While no acceptance of service has yet been filed with respect to Defendant Sgt. Yuriy Bukhenik, Sgt. Bukhenik's counsel has informed undersigned counsel that he consents to removal. Upon information and belief, Defendant Michael Proctor has not yet been served, but his counsel has advised undersigned counsel that Defendant Proctor consents to removal as well. A civil action removed pursuant to Section 1441(a) requires the consent of all defendants who have been served. *See* 28 U.S.C. §§ 1446(b)(2)(A), 1441(c)(2); *see also Hill v. Boston*, 706 F. Supp. 966, 968 (D. Mass. 1989).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Massachusetts is the federal district in which the Superior Court is located and where the State Court Action was originally filed.

6. As required by 28 U.S.C. § 1446(d), Removing Defendants will promptly serve written notice of the filing of this Notice of Removal and the removal of the State Court Action on counsel for Plaintiff, as evidenced by the attached certificate of service, and will promptly file the same with the Clerk of the Superior Court.

7. Pursuant to 28 U.S.C. § 1446(a) and L.R., D. Mass. 81.1, within 28 days of the filing of this Notice of Removal, Removing Defendants shall file certified copies of all records and

---

[3] Removing Defendants have not yet filed an answer or otherwise responded to the Complaint, but will file such an answer and/or response, absent an extension, within twenty-one (21) days of service in accordance with Fed. R. Civ. P. 81(c)(2). As noted, Removing Defendants accepted service of process on November 25, 2025.

3

proceedings in the Superior Court, as well as a certified copy of the docket and all docket entries.

8. The removal of this action terminates all potential proceedings in the Superior Court.[4] *See* 28 U.S.C. § 1446(d).

## **FEDERAL JURISDICTION EXISTS UNDER 28 U.S.C. § 1331**

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court under 28 U.S.C. § 1441(a), because, as set forth more fully below, Plaintiff's federal civil rights claim against Removing Defendants – namely Count 3 (42 U.S.C. § 1983 – Conspiracy to Deprive Ms. Read of her Fourth Amendment Rights Against Proctor, Bukhenik, Tully, the Alberts, the McCabes, and Higgins) – is exclusively and expressly based upon the federal statute, 42 U.S.C. § 1983, *et. seq.*, and, therefore, raises substantial federal issues central to establishing Plaintiff's claims for relief.[5]

10. In particular, Plaintiff alleges in Count 3 of the Complaint that the Removing Defendants violated her federal civil rights by purportedly acting in concert to deprive her of her Fourth Amendment rights under the United States Constitution. Where a complaint invokes 42 U.S.C. § 1983, federal question jurisdiction exists. *See, e.g., Local Union No. 12004, United Steelworkers Of Am. v. Massachusetts,* 377 F.3d 64, 75 (1st Cir. 2004) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)) ("Almost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction so long as it does not 'clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction.'"); *see also Nieves v.*

---

[4] Removing Defendants have good and sufficient defenses to this action, and do not waive any defenses, jurisdictional or otherwise, by the filing of this Notice. Removing Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses and/or motions.

[5] Counts 1 and 2 of the Complaint assert separate 42 U.S.C. § 1983 claims against Defendants Proctor, Bukhenik and Tully.

*McSweeney*, 73 F. Supp. 2d 98, 101 (D. Mass. 1999) (providing Court had jurisdiction over counts alleging conspiracy to deprive plaintiffs of their constitutional rights under 42 U.S.C. § 1983).

11. In addition, this Court has jurisdiction over the remaining counts in the Complaint by way of supplemental jurisdiction under 28 U.S.C. § 1367(a), which provides, in relevant part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

12. Indeed, the First Circuit has explained, "[s]tate and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact' or 'are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding.'" *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (quoting *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir.1997)). Plaintiff's claims refer to and rest upon the same allegations. (*See* Ex. A., Compl. ¶¶ 109, 118, 128, 140, 148, 155, 161) (incorporating the allegations set forth in the preceding paragraphs).

13. Accordingly, this Court may exercise supplemental jurisdiction over the remaining four state-law and common law claims (Counts 4 through 7) in the Complaint.

## CONCLUSION

WHEREFORE, Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe and Brian Higgins respectfully request that the State Court Action be removed to the United District Court for the District of Massachusetts and that the Court enter such order as may be necessary to accomplish the requested removal.

Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT,
JENNIFER McCABE, MATTHEW McCABE,
and BRIAN HIGGINS

By their attorneys,

Dated: November 25, 2025

James L. Tuxbury (BBO No. 624916)
HINCKLEY ALLEN LLP
28 State Street
Boston, MA  02109
(617) 378-4162
jtuxbury@hinckleyallen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on November 25, 2025, and will be sent electronically to any registered participants identified on the Notice of Electronic Filing. Additionally, I certify that on November 25, 2025, a copy of the foregoing document was sent via first class mail and email to counsel of record for Plaintiff listed below:

>Aaron Davis Rosenberg, Esq.,
>Sheehan Phinney Bass and Green PA
>28 State St., 22nd Floor
>Boston, MA 02109
>
>Damon M. Seligson, Esq.,
>Sheehan Phinney Bass and Green PA
>28 State St., 22nd Floor
>Boston, MA 02109
>
>Charles Waters, Esq.,
>Sheehan Phinney Bass and Green PA
>28 State St., 22nd Floor
>Boston, MA 02109

_____
James L. Tuxbury