UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br>　　　Plaintiff,<br><br>MICHAEL PROCTOR, in his personal capacity, SGT. YURIY BUKHENIK, in his personal capacity, LT. BRIAN TULLY, in his personal capacity, BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Docket No.: 1:25-CV-13588- DJC |

## ANSWER AND JURY DEMAND OF THE DEFENDANT MICHAEL PROCTOR

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant, Michael Proctor (hereinafter "Proctor") upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

Proctor hereby responds to the allegations contained in the Plaintiff's Complaint (the "Amended Complaint"), paragraph by paragraph, as follows:

### I.  INTRODUCTION

1. The allegations contained in this paragraph are introductory in nature and contain legal conclusions, therefore no response is necessary.  To the extent a response is required, they are denied.

2. The allegations contained in this paragraph are introductory in nature and refer to other

1

defendants, therefore no response is necessary.  To the extent a response is required, they are denied.

3.  The allegations in this paragraph are introductory in nature and therefore no response is required.  To the extent that a response is required, it is admitted that Proctor grew up, and resides in, Canton, Massachusetts, that Brian Albert was a Boston Police Officer and that Brian Higgins was an agent with the ATF.  As to the remaining allegations, they are denied.

4.  The allegations in this paragraph are introductory in nature and therefore no response is required.  To the extent that a response is required, it is admitted that Mr. O'Keefe had bruises and lacerations on his face, and a deep gash to the back of his head and scratches on his right arm/forearm.  Denied that there was an unwritten rule of "protecting their own." As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as their truth.

5.  The allegations in this paragraph are introductory in nature and therefore no response is required. To the extent that a response is required, it is admitted that Proctor sent texts which speak for themselves.  Denied that Proctor shielded the House Defendants by intentionally sidestepping fundamental investigatory procedures. As to the remaining allegations, Proctor is without knowledge or information to form a belief as to their truth.

6.  The allegations in paragraph are introductory in nature, and therefore no response is necessary.  To the extent a response is required, it is admitted that Proctor did not search the house for blood evidence, fingerprints or DNA evidence.  Admitted that O'Keefe was found without a coat, hat and one shoe.   As to the remaining allegations, they are denied.

7.  The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, they are denied.

8.  The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, admitted only that Proctor provided information to his sister. As to the remaining allegations, they are denied.

9.  The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, they are denied.

10. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent a response is required, it is admitted that Proctor sent text messages to his high school friends, sister and State Police colleagues which speak for themselves. As to the remaining allegations, they are denied.

11. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

12. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

13. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations contain legal conclusions, therefore no response is necessary. Responding further, Proctor admits he was

terminated by the Massachusetts State Police. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

14. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

15. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

16. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

**II.    Parties**

17. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Admitted that Proctor is a former Massachusetts State Trooper and that he resides in Canton, Massachusetts. As to the remaining allegations, they contain legal conclusions, therefore no response is necessary.

19. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

20. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

24. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

25. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

### III.    Jurisdiction and Venue

26. The allegations in this paragraph contain legal conclusions, therefore no response is necessary.

27. The allegations in this paragraph contain legal conclusions, therefore no response is necessary.

### IV.    Facts Common To All Counts

*Mr. O'Keefe's Death*

28. Admitted.

29. Admitted that on January 28, 2022 Mr. O'Keefe and Ms. Read went to C.F. McCarthy's in Canton and then to the Waterfall Bar in Canton. Also admitted that O'Keefe was drinking. Denied that Ms. Read had "several" drinks – she had at least nine. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

30. Admitted that Jennifer McCabe told O'Keefe that he should come to the house. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

31. Admitted that Brian Albert and Mr. O'Keefe were Boston police officers and that Mr. Higgins was an ATF officer. Admitted that Kevin Abert and Proctor had a professional relationship. As to the remaining allegations, Proctor is without sufficient knowledge or information to form a belief as to their truth.

32. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

34. Denied.

35. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

36. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

37. Denied.

38. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

39. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

### Ms. Read Searches for Mr. O'Keefe

40. Proctor is without information or knowledge sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

41. Proctor is without information or knowledge sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

42. The allegations in this paragraph refer to other defendants, therefore no response is necessary.

### Investigation Begins

43. Admitted that the Canton Police Department were the first law enforcement officers on scene.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

44. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

45. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

46. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

47. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

48. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

### Proctor Leads MSP Investigation Despite Conflicts[1]

49. Admitted that Proctor that was assigned as the case officer, and that Bukhenik and Tully were supervisors at the Norfolk County State Police Detective Unit. Proctor denies that he engaged in misconduct. As to the remaining allegations, they are denied.

50. Admitted that Proctor grew up, and resides in, Canton. Admitted that Proctor's sister was a friend of Julie Albert's. Admitted that Proctor and Julie Albert had each other's personal cell phone numbers. Denied that Proctor is a "good friend" of the Alberts. Denied that Proctor intentionally suppressed the existence of any relationships. Denied that Proctor protected any of the House Defendants, and denied that the plaintiff's right to a fair investigation and trial were undermined. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief to their truth.

### Proctor, Bukhenik, and Tully Engage in a Corrupt and Biased Investigation By Not Investigating Inside the House, and Interviewing House Defendants as Friends Rather than Suspects

51. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

52. Proctor denies that the interviews of the House Defendants were outside of normal protocol. Proctor admits that the interviews with the House Defendants were not tape recorded. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

---

[1] To the extent Proctor does not expressly admit the allegations contained in Plaintiff's Complaint, the allegations are denied, including the paragraph headings prefatory statements contained therein.

53. The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent that they can be construed to be read against Proctor, they are denied.

54. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

55. The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent that they can be construed to be read against Proctor, they are denied.

56. Proctor denies that he engaged in an unlawful investigation, that he was biased and or corrupt.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

57. Proctor admits that he interviewed the McCabes and Brian Albert on January 29th at the McCabe's home in Canton.  Proctor admits that he interviewed Nicole Albert, Brian Higgins, Chris Albert and Julie Albert.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

58. Denied that Proctor failed to conduct a meaningful investigation.  Admitted that Proctor interviewed Higgins and that Higgins presented some texts between himself and plaintiff.  Further admitted that Higgins reported that he and Read had kissed.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

59. Proctor admits that he did not do further interviews with Higgins. Denied that Proctor hid any video. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

60. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

61. Admitted that Proctor spoke to his sister Courtney. Denied that Proctor failed to probe any "stories" and denied that he coordinated stories through his sister. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

62. Admitted that Courtney told Proctor that Julie Albert wanted to give Proctor a thank you gift (which was never offered nor accepted). Admitted that Proctor told Courtney to tell Julie Albert to give Proctor's wife the gift (which was never offered nor accepted). As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

63. Denied that Proctor treated the Alberts like family friends. Admitted that Proctor shared some details with Courtney. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

64. The allegations in the paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to read against Proctor, they are denied.

65. The allegations in the paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to read against Proctor, they are denied.

66. Denied.

***Rather than Investigate Their Friends and Brethren, Proctor, Bukhenik, Tully and MSP Target Karen Read***

67. Denied that there was substantial evidence exonerating Plaintiff and implicating others. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

68. Admitted that Ms. Read's cell phone and her SUV were seized on January 29th. As to the remaining allegations, they are denied.

69. Admitted that Proctor texted his high school friends on the evening of January 29, the day he began his investigation. Denied that the MSP had not visited the crime scene. Denied that only cursory interviews of the McCabes and Brian Albert had taken place. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

70. Admitted that Proctor told his friends that O'Keefe had been hit by a car. Denied that from the outset Proctor was determined to pin it on the girl. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

71. Denied that Proctor was biased and had conflicted relationships with the investigation. Admitted that Proctor knew the Alberts. Denied that Proctor searched for nudes. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

72. Denied.

***Proctor and Bukhenik Plant Certain Evidence, and Make False Statements in Court and Other Legal Documents to Frame Karen Read***

73. Denied that Proctor "manufactured" a case against Ms. Read. Denied that Proctor generated false incriminating evidence against Ms. Read. Admitted that Proctor took no photographs of the inside or garage of 34 Fairview. As to the remaining allegations, they refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, he is without knowledge or information sufficient to form a belief as to their truth.

74. Admitted that Ms. Read's SUV was towed to the CPD "Sallyport." Admitted that Massachusetts was in the middle of a Nor'easter. As to the remaining allegations, they are denied.

75. Denied that Ms. Read's Lexus taillight had a minor crack and that the taillight was intact before it arrived at the garage. Denied that the crack occurred when Ms. Read backed into Mr. O'Keefe's car at 5 a.m. that morning as she was leaving to search for him. As to the video referenced in this paragraph, it speaks for itself.

76. Admitted that Proctor and Bukhenik followed the vehicle from Dighton to CPD and arrived just moments after the tow truck with the Lexus. Denied that at some point after the vehicle arrived at the sallyport, the right rear taillight was almost entirely destroyed. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

77. Denied.

78. Admitted that one camera was inverted. As to the remaining allegations, they are denied.

79. Denied.

80. Denied.

81. Admitted that Proctor applied for search warrants to the Stoughton District Court and Norfolk Superior Court for searches of Google electronic records, Ring videos, Ms. Read's phone, Ms. Read's vehicle, and cell tower records. Denied that Proctor's assertion that he seized the Lexus was intentionally false and done to hide any facts. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

82. Denied.

83. Admitted that Proctor retrieved Mr. O'Keefe's clothes from the floor of the hospital where O'Keefe was pronounced deceased. As to the remaining allegations, they are denied.

84. Denied.

85. The allegations in this paragraph refer to a document and said document speaks for itself, therefore no response is necessary.

86. Denied that Proctor and or Bukenhik placed pieces of the SUV taillight on the clothes. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

87. Denied that Proctor planted pieces of glass on the bumper of Ms. Read's SUV. Further denied that Proctor planted any evidence to make it look like glass shards originated from a cocktail glass that Mr. O'Keefe was holding when he existed the Waterfall Bar. Denied that the only way for the glass to have ended up on the SUV bumper is that Proctor planted it in an attempt to connect the vehicle to the death of Mr. O'Keefe. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

### *Other Aspects of Conflicted and Corrupt Investigation*

88. Denied.

89. Denied.

90. Admitted that Proctor interviewed Brian Loughran, a Town of Canton snowplow operator. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

91. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

92. Denied that Proctor never made any effort to track down Mr. Loughlan. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

93. Denied that Proctor secretly made efforts to protect any Albert family members during the investigation. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

94. Admitted that Proctor used his personal cell phone to speak with Kevin Albert. As to the remaining allegations, they are denied.

95. Admitted that Proctor and Kevin Albert traveled in Proctor's cruiser to Cape Cod. Admitted that Kevin Albert left his badge in Proctor's cruiser. As to the remaining allegations, they are denied.

96. Denied.

### The Indictments, Trials and Aftermath

97. Admitted that plaintiff was arrested pursuant to a criminal complaint. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as their truth.

98. Admitted that plaintiff was later re-arrested. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

99. Admitted that plaintiff was tried twice by the Commonwealth and that the first trial ended in a hung jury. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

100.    The allegations in this paragraph call for conclusions of law, therefore no response is necessary.

101.    Denied.

102.    Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations.

103.    Denied.

### MSP Investigates and Punishes Proctor, Bukhenik, and Tully for Their Misconduct During the Investigation

104.    Admitted that Proctor testified at the state grand jury. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

105.    Admitted that Proctor was relieved from duty. Admitted that Proctor was transferred out of the detective unit of the Norfolk County District Attorney's Office. Admitted that Proctor was terminated from the Massachusetts State Police. As to the remaining

allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

106.    The allegations in this paragraph refer to another defendant, therefore no response is necessary.  To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

107.    The allegations in this paragraph refer to another defendant, therefore no response is necessary.  To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

108.    The allegations in this paragraph refer to other persons, therefore no response is necessary.  To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

**V.    Counts**

**Count I- 42 U.S.C. § 1983- Malicious Prosecution under the Fourth Amendment
(Against Proctor, Bukhenik, Tully)**

109.    Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-108 of plaintiff's Complaint.

110.    Denied.

111.    The allegations in this paragraph contain legal conclusions therefore no response is necessary.

112.    Denied.

113.    Admitted that plaintiff was indicted by a grand jury.  Denied that she was arrested without probable cause.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

114.     Denied.

115.     Denied that Proctor violated Ms. Read's Fourth Amendment rights against unreasonable searches and seizures. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

116.     Denied.

117.     Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable attorney's fees, costs and other such relief the Court deems just and proper.

### Count 2 – 42 U.S.C. § 1983 – Supervisor Liability
### (Against Bukhenik and Tully in their Individual Capacities)

118.     Proctor repeats, reavers and incorporates herein his responses to paragraphs 1-117 of plaintiff's Complaint.

119-127. Count 2, and paragraphs 119 – 127 refer to other defendants, therefore, no response is necessary.  To the extent these allegations can be construed to be read against Proctor, they are denied.

### Count 3 – 42 U.S.C. § 1983 – Conspiracy to Deprive Ms. Read of Her Fourth Amendment Rights
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

128.     Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-127 of plaintiff's Complaint.

129.     Denied.

130.     The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent they can be construed to be read against Proctor, they are denied.

131.     Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied that Proctor interviewed the McCabes and Brian Albert in a cursory manner.

Admitted that Proctor interviewed Higgins once, at his attorney's home.  As to the remaining

allegations, Proctor is without knowledge or information to form a belief as to their truth.

136. Denied

137. Denied.

138. Denied.

139. Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's

Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable

attorney's fees, costs and other such relief the Court deems just and proper.

### Count 4 – Massachusetts Civil right Act ("MCRA")
### (Against Proctor, Bukhenik, Tully, the Alberts, McCabes and Higgins)

140. Proctor repeats, reavers and incorporates herein his responses to paragraphs 1-139 of

plaintiff's Complaint.

141.    Denied.

142.    Denied.

143.    The allegations in this paragraph refer to other defendants, therefore no response is

necessary.  To the extent that they can be construed to be read against Proctor, they are denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable attorney's fees, costs and other such relief the Court deems just and proper.

### Count 5 – Common Law Malicious Prosecution
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

148.    Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-147 of plaintiff's Complaint.

149.    Denied.

150.    Denied.

151.    Denied.

152.    The allegations in this paragraph contain statements of law, therefore no response is necessary.

153.    The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent that they can be construed to be read against Proctor, they are denied.

154.    Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable attorney's fees, costs and other such relief the Court deems just and proper.

### Count 6 – Intentional Infliction of Emotional Distress
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

155.    Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-154 of plaintiff's Complaint.

156.    Denied.

157.    The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent they can be construed to be read against Proctor, they are denied.

158.    Denied.

159.    Denied.

160.    Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable attorney's fees, costs and other such relief the Court deems just and proper.

### Count 7 – Civil Conspiracy
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

161.    Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-160 of plaintiff's Complaint.

162.    Denied.

163.    The allegations in this paragraph refer to other defendants therefore no response is necessary.  To the extent they can be construed to be read against Proctor, they are denied.

164.    The allegations in this paragraph refer to other defendants therefore no response is necessary.  To the extent they can be construed to be read against Proctor, they are denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    The allegations in this paragraph refer to other defendants, therefore no response is necessary.  To the extent they can be construed to be read against Proctor, they are denied.

170.    Denied.

171.     Denied.

172.     Denied.

WHEREFORE, Proctor respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, enter judgment in Proctor's favor, and award Proctor his reasonable attorney's fees, costs and other such relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Responding further to plaintiff's Complaint, Proctor asserts the following additional affirmative defenses:

### DEFENSE NO. 3

Proctor is entitled to, and plaintiff's claims are barred by, the doctrine of qualified immunity.

### DEFENSE NO. 4

Proctor is entitled to, and plaintiff's claims are barred by, the doctrine of common law immunity.

### DEFENSE NO. 5

At all times Proctor acted in good faith, without malice and without corruption.

### DEFENSE NO. 6

Proctor's alleged actions and omissions were not the proximate, factual, legal or but for cause of plaintiff's alleged injuries.

### DEFENSE NO. 7

Plaintiff's alleged injuries were caused by persons or entities for whom Proctor is not responsible.

## DEFENSE NO. 8

Plaintiff comes to the Court with unclean hands.

## DEFENSE NO. 9

At all times Proctor acted reasonably and in good faith.

## DEFENSE NO. 10

Plaintiff has failed to mitigate her damages.

## DEFENSE NO. 11

Plaintiff's Complaint is frivolous and not brought in good faith and Proctor is entitled to

costs, attorney's fees, and expenses pursuant to M.G.L. c. 231 § 6F.

## DEFENSE NO. 12

At no time was Proctor's conduct extreme, outrageous or beyond the bounds of decency.

## DEFENSE NO. 13

Plaintiff's claim is barred by the statute of limitations.

## DEFENSE NO. 14

Proctor's actions and conduct were protected by legal process and therefore plaintiff

cannot recover.

## DEFENSE NO. 15

At all times Proctor acted in good faith and in accordance with the Constitutions and laws

of the United States and of the Commonwealth of Massachusetts.

## DEFENSE NO. 16

If the plaintiff was deprived of any rights (which Proctor denies), the plaintiff had adequate

post-deprivation remedies and, therefore, cannot recover.

## DEFENSE NO. 17

Proctor was at all times acting in the furtherance of his official duties and relying on a facially valid court order and, therefore, is entitled to quasi-judicial immunity.

### DEFENSE NO. 18

Proctor submits that because Ms. Read was indicted by a grand jury, he is entitled to a presumption of probable cause. Generally, "a grand jury indictment definitively establishes probable cause." Gonzalez Rucci v. I.N.S., 405 F.3d 45, 49 (1st Cir. 2005); Lucien-Calixte v. David, 405 F. Supp. 3d 171, 177–78 (D. Mass. 2019).

### DEFENSE NO. 19

The Plaintiff was not deprived of any rights protected under any federal or state constitutional or statutory provisions and, therefore, the Plaintiff cannot recover.

### DEFENSE NO. 20

Proctor did not initiate criminal proceedings against the plaintiff and, therefore, the plaintiff cannot recover.

### DEFENSE NO. 21

Proctor did not withhold or conceal exculpatory evidence from the prosecution. Alternatively, even if such evidence was withheld or concealed, it was not material to the issues presented in plaintiff's criminal cases and, therefore, the plaintiff cannot recover.

### DEFENSE NO. 22

The plaintiff fails to allege a conspiracy with adequate specificity and, therefore, cannot recover.

### DEFENSE NO. 23

Procter is immune from suit and liability under the litigation privilege.

### DEFENSE NO. 24

The plaintiff fails to plausibly allege facts supporting individual capacity claims against Proctor and, therefore, plaintiff's tort claims should be dismissed. See, e.g., Doyle v. City of Quincy, 104 Mass. App. Ct. 761, 765 (2024).

### DEFENSE NO. 25

Proctor hereby expressly reserves the right to supplement this Answer to include additional relevant affirmative defenses as additional facts become available.

### PROCTOR DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

The Defendant,
MICHAEL PROCTOR
By his Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*

Thomas V. DiGangi, BBO #648415
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO # 706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
tdigangi@piercedavis.com
jcrotty@piercedavis.com
mhamel@piercedavis.com

Dated : 1-16-26

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants January 16, 2026.

Thomas v. DiGangi