UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br><br>　　　Plaintiff,<br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; TOWN OF CANTON; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>　　　Defendants. | Civil Action No. 1:25-CV-13588-DJC |

## DEFENDANT, YURIY BUKHENIK'S ANSWER
## TO PLAINTIFF'S COMPLAINT

The Defendant, YURIY BUKHENIK, (hereinafter "Defendant" or "Bukhenik"), hereby responds to each numbered paragraph of the Plaintiff's Complaint as follows:

**I.   Introduction**

1-16.   The allegations contained in these paragraphs are introductory in nature and contain legal conclusions; therefore, no response is necessary. To the extent a response is required, they are denied. Notwithstanding, Bukhenik and his fellow Massachusetts State Police Troopers conducted a comprehensive investigation which revealed ample probable cause to charge the Plaintiff, Karen Read, for causing the death of Officer John O'Keefe by striking him with her vehicle. The bulk of this section of the Complaint describes a conspiracy theory not rooted in facts or reality.

## II. Parties

17. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

19. Admitted that Bukhenik is a Massachusetts State Police Sergeant and resides in Stoughton, Massachusetts. As for the remaining allegations, they contain legal conclusions and therefore, no response is necessary.

20. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

24. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

25. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

## III. Jurisdiction and Venue

26. The allegations in this paragraph contain legal conclusions; therefore, no response is necessary.

27. The allegations in this paragraph contain legal conclusions; therefore, no response is necessary.

### IV. Facts Common to all Counts

### Mr. O'Keefe's Death

28. Admitted.

29. Denied that Ms. Read consumed "several" drinks, Ms. Read consumed a minimum of 9 alcoholic drinks, far more than "several." Agreed that Mr. O'Keefe and Ms. Read went to C.F. McCarthy's and the Waterfall Bar in Canton.

30. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

31. Admitted that Brian Albert and Mr. O'Keefe were Boston Police Officers and that Mr. Higgins was an ATF officer. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

32. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

34. Denied. The investigation of this incident uncovered no evidence to support the allegations in this paragraph.

35. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. Nonetheless, the investigation of this incident uncovered no evidence to support the allegations in this paragraph.

36. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. Nonetheless, the investigation of this incident uncovered no evidence to support the allegations in this paragraph.

37. Denied. Nonetheless, the investigation of this incident uncovered no evidence to support the allegations in this paragraph.

38. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. Nonetheless, the investigation of this incident uncovered no evidence to support the substance of the allegations in this paragraph.

### Ms. Read's Searches for Mr. O'Keefe

40. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, it is believed to be accurate that Ms. Read was the first to locate Mr. O'Keefe under inches of snow as she was aware of his location.

42. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

### Investigation Begins

43. Admitted that the Canton Police Department were the first law enforcement officers on scene. As to the remaining allegations in this paragraph, Bukhenik is without knowledge

and information sufficient to form a belief as to their truth. Nevertheless, O'Keefe's injuries were consistent with being struck by the rear end of Ms. Read's Lexus.

44. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. It is admitted that there were several inches of snow and an active and ongoing snow fall at the time.

45. This paragraph contains an opinionated narrative, made obvious by the fact that it begins with the word "tellingly," which requires no response. However, no sirens were used given the early morning hour. Bukhenik is without knowledge and information to form a belief as to the truth of any remaining allegations contained in this paragraph.

46. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, as stated, it is confirmed that law enforcement entered the House.

47. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Nevertheless, O'Keefe's injuries were consistent with being struck by the rear end of Ms. Read's Lexus and there was no evidence developed which suggested Mr. O'Keefe entered the House.

48. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

**Proctor Leads MSP Investigation Despite Conflicts**

49. Admitted that Bukhenik was supervising Proctor who was the assigned as the case officer, and that Tully was Bukhenik's supervisor in the Norfolk County State Police Detective Unit. Bukhenik denies that he and Tully were aware of any misconduct by

Proctor in the handling of this investigation. As to the remaining allegations, they are denied.

50. Proctor was assigned to the investigation according to normal procedure as he was the on-call detective on that date. At the time of the assignment, Bukhenik was not aware of any relationship between Proctor and any of the involved parties. Once Proctor informed Bukhenik of a limited connection, Bukhenik confirmed that there was no conflict requiring reassignment. As to the remaining allegations they are denied.

**Proctor, Bukhenik, and Tully Engage in a Corrupt and Biased Investigation by Not Investigating Inside the House, and Interviewing House Defendants as Friends Rather than Suspects**

51. Bukhenik denies the allegations contained in this paragraph insofar as these steps were indicated and insofar as their omission impacted the investigation.

52. Bukhenik denies that the interviews of the House Defendants were outside of normal protocol. Bukhenik admits that the interviews of the House Defendants were not tape recorded. Bukhenik admits that some House Defendants were interviewed at their lawyer's office as required by the United States Constitution. As to the remaining allegations, Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

54. Bukhenik is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. This paragraph is inconsistent with paragraph 51 which suggests call phone data was not collected.

55. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. The Plaintiff does have expertise and experience in crafting stories to the media.

56. Bukhenik denies that he engaged in an unlawful investigation, that he was biased and/or corrupt. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth. It is unclear why Plaintiff is not identifying such "separate law enforcement agency" while relying on such investigation and importantly notes that only an investigation was conducted resulting in no charges or formal action, indicating that no misconduct was found during the investigation of this "separate law enforcement agency."

57. Bukhenik admits that he interviewed the McCabes and Brian Albert on January 29th at the McCabe's home in Canton. Bukhenik admits that he interviewed Nicole Albert, Brian Higgins, Chris Albert and Julie Albert. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

58. Denied that Bukhenik failed to conduct a meaningful investigation. Admitted that Bukhenik interviewed Higgins and that Higgins presented some texts between himself and the Plaintiff. Further admitted that Higgins reported that he and Read had kissed.

59. Bukhenik admits that he did not do further interviews with Higgins. Denied that Bukhenik hid any video. The Plaintiff further cites the investigation of a "separate law enforcement agency" as evidence of misconduct, but once again fails to note that such investigation found no misconduct and did not result in any criminal charges. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

60. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. It should additionally be noted that the Plaintiff had similar "other avenues" available, presumably suggesting court orders, trial subpoenas, etc. to pursue this information and chose not to take those steps.

61. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

65. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. However, it should be noted that this is inconsistent with previous paragraphs which specifically discuss texts from the House Defendants.

66. Denied.

### Rather than Investigate · their Friends and Brethren, Proctor, Bukhenik, Tully, and MSP Target Karen Read

67. Denied. After taking routine objective and necessary steps of investigating all aspects of O'Keefe's death, there was an overwhelming amount of evidence implicating the Plaintiff, Ms. Read.

68. Admitted that Ms. Read's cell phone and her SUV were seized on January 29th. As to the remaining allegations, they are denied.

69. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

70. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. It is denied that Mr. O'Keefe suffered no injuries consistent with a vehicle strike.

71. Bukhenik denies that he "liked" Proctor's comments about Ms. Read and states that he was responding to Proctor informing him that he had been able to begin searching Ms. Read's phone.

72. Denied.

**Proctor and Bukhenik Plant Certain Evidence, and Make False Statements in Court and Other Legal Documents to Frame Karen Read**

73. Admitted that Bukhenik took no photographs of the inside or garage of 34 Fairview. As to the remaining allegations, they refer to other defendants; therefore, no response is necessary. To the extent that they can be construed to be read against Bukhenik, they are denied.

74. Admitted that Ms. Read's SUV was towed to the CPD "Sallyport." Admitted that Massachusetts was in the middle of a snowstorm. As to the remaining allegations, they are denied or unknown to Bukhenik.

75. Denied that Ms. Read's Lexus taillight had a minor crack, and that the taillight was intact before it arrived at the garage. Denied that the crack occurred when Ms. Read backed into Mr. O'Keefe's car at 5 a.m. that morning as she was leaving to search for him. As to the video referenced in this paragraph, it speaks for itself.

76. Admitted that Proctor and Bukhenik followed the vehicle from Dighton to CPD and arrived just moments after the tow truck with the Lexus. Denied that the taillight was

9

      damaged at some point after the vehicle arrived at the sallyport. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

77. Denied.

78. Admitted that one camera was inverted. As to the remaining allegations, they are denied.

79. Denied.

80. Denied.

81. Admitted that Proctor applied for search warrants to the Stoughton District Court and Norfolk Superior Court for searches of Google electronic records, Ring videos, Ms. Read's phone, Ms. Read's vehicle, and cell tower records. Denied that Proctor's assertion that he seized the Lexus at 5:30 was intentionally false and done to hide any facts as there were numerous ways to confirm the timeline and misrepresenting the time would have served no purpose as the exact timing was and is easily demonstrable. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

82. Denied.

83. Admitted that Proctor retrieved Mr. O'Keefe's clothes from the floor of the hospital where O'Keefe was pronounced deceased. As to the remaining allegations, they are denied.

84. Denied.

85. The allegations in this paragraph refer to a document and said document speaks for itself; therefore, no response is necessary.

86. Denied that Proctor and/or Bukhenik placed pieces of the SUV taillight on the clothes. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth. However, it should be noted that the Plaintiff's narrative contains inconsistencies and defies simple logic - claiming on the one hand that Bukhenik and Proctor had unfettered access to the evidence while on the other hand alleging that they created a complex and convoluted conspiracy to plant evidence at the scene. The Plaintiff's narrative crumbles under the weight of her own storytelling.

87. Denied that Proctor or any other member of law enforcement planted any evidence in this investigation.

**Other Aspects of the Conflicted and Corrupt Investigation**

88. Denied.

89. Denied. Additionally, noting once again that the Plaintiff could have sought a court order or other process, or sent an investigator door-to-door to secure any existing Ring camera footage or surveillance footage and chose not to do so.

90. Admitted that Bukhenik interviewed Brian Loughran, a Town of Canton snowplow operator and relayed all relevant information to the District Attorney's Office. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

91. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Bukhenik was unaware of this witness until after the witness had spoken to the Plaintiff's defense team.

92. Denied that Bukhenik never made any effort to track down Mr. Loughlan. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

93. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

94. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

95. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

96. Denied.

### The Indictments, Trials, and Aftermath

97. Admitted that the Plaintiff was arrested pursuant to a criminal complaint. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as their truth.

98. Admitted that the Plaintiff was later re-arrested. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

99. Admitted that the Plaintiff was tried twice by the Commonwealth and that the first trial ended in a hung jury. As to the remaining allegations, Bukhenik is without knowledge or information sufficient to form a belief as to their truth.

100. The allegations in this paragraph call for conclusions of law or speculation as to the Plaintiff's mental state; therefore, no response is necessary.

101. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations. Upon information and belief, Ms. Read is marketing her story and

her public appearances for substantial compensation. Additionally, much of the public scrutiny she has faced is the result of her and her defense team feeding information to the media.

102. Bukhenik is without knowledge or information sufficient to form a belief as to the truth of these allegations.

103. Denied.

### MSP Investigates and Punishes Proctor, Bukhenik, and Tully for their Misconduct During the Investigation

104. The allegations in this paragraph refer to other defendants; therefore, no response is necessary. Additionally, the Plaintiff could have called Proctor or anyone else as a witness at any time so the suggestion that he was hidden from the jury is intentionally misleading.

105. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

106. Admitted that Bukhenik was transferred. The findings referred to in this paragraph speak for themselves.

107. The allegations in this paragraph refer to other defendants; therefore, no response is necessary.

108. The allegations in this paragraph refer to other persons; therefore, no response is necessary.

**V.    Counts**

### Count 1 - 42 U.S.C. § 1983 - Malicious Prosecution under the Fourth Amendment (Against Proctor, Bukhenik, Tully)

109. The Defendant hereby repeats his responses to paragraphs 1–108.

110. The Defendant denies the allegations contained in this paragraph.

111. The Defendant admits the allegations contained in this paragraph.

112. The Defendant denies the allegations contained in this paragraph.

113. The Defendant denies the allegations contained in this paragraph.

114. The Defendant denies the allegations contained in this paragraph.

115. The Defendant denies the allegations contained in this paragraph.

116. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

### Count 2 - 42 U.S.C. § 1983 – Supervisor Liability
### (Against Bukhenik and Tully in their individual capacity)

118. The Defendant hereby repeats his responses to paragraphs 1–117.

119. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

120. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121. The Defendant denies the allegations contained in this paragraph.

122. The Defendant denies the allegations contained in this paragraph.

123. The Defendant denies the allegations contained in this paragraph.

124. The Defendant denies the allegations contained in this paragraph.

125. The Defendant denies the allegations contained in this paragraph.

126. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

127. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

### Count 3- 42 U.S.C. § 1983 Conspiracy
### to Deprive Ms. Read of Her Fourth Amendment Rights
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes, and Higgins)

128. The Defendant hereby repeats his responses to paragraphs 1-127.

129. The Defendant denies the allegations contained in this paragraph.

130. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

131. The Defendant denies the allegations contained in this paragraph.

132. The Defendant denies the allegations contained in this paragraph.

133. The Defendant denies the allegations contained in this paragraph.

134. The Defendant denies the allegations contained in this paragraph.

135. The Defendant denies the allegations contained in this paragraph.

136. The Defendant denies the allegations contained in this paragraph.

137. The Defendant denies the allegations contained in this paragraph.

138. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

139. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

### Count 4 – Massachusetts Civil Rights Act ("MCRA")
### (Against Proctor, Bukhenik, Tully, Alberts, McCabes, and Higgins)

140. The Defendant hereby repeats his responses to paragraphs 1–139.

141. The Defendant denies the allegations contained in this paragraph.

142. The Defendant denies the allegations contained in this paragraph.

143. The Defendant denies the allegations contained in this paragraph.

145. The Defendant denies the allegations contained in this paragraph.

146. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

147. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

### Count 5 – Common Law Malicious Prosecution
### (Against Proctor, Bukhenik, Tully, Alberts, McCabes, and Higgins)

148. The Defendant hereby repeats his responses to paragraphs 1–147.

149. The Defendant denies the allegations contained in this paragraph.

150. The Defendant denies the allegations contained in this paragraph.

151. The Defendant denies the allegations contained in this paragraph.

152. The Defendant admits the allegations contained in this paragraph, except that Ms. Read was convicted of Operating Her Vehicle While Under the Influence of Intoxicating Liquor.

153. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

154. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Count 6 – Intentional Infliction of Emotional Distress
### (Against Proctor, Bukhenik, Tully, Alberts, McCabes, and Higgins)

155. The Defendant hereby repeats his responses to paragraphs 1–154.

156. The Defendant denies the allegations contained in this paragraph.

157. The Defendant denies the allegations contained in this paragraph.

158. The Defendant denies the allegations contained in this paragraph.

159. The Defendant denies the allegations contained in this paragraph.

160. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count 7 – Civil Conspiracy**
**(Against Proctor, Bukhenik, Tully, Alberts, McCabes, and Higgins)**

161. The Defendant hereby repeats his responses to paragraphs 1 – 160.

162. The Defendant denies the allegations contained in this paragraph.

163. The Defendant denies the allegations contained in this paragraph.

164. The Defendant denies the allegations contained in this paragraph.

165. The Defendant denies the allegations contained in this paragraph.

166. The Defendant denies the allegations contained in this paragraph.

167. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

168. The Defendant denies the allegations contained in this paragraph.

169. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

170. The Defendant denies the allegations contained in this paragraph.

171. The Defendant states the allegations contained in this paragraph state a conclusion of law to which the Defendant need not respond.

172. The Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE,** the Defendant denies that the Plaintiff is entitled to judgment in any amount against the Defendant and asks this Honorable Court to enter judgment for the Defendant and against the Plaintiff along with interests, costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

By way of affirmative defense, the Defendant states that the Complaint fails to state a cause of action against the Defendant upon which relief can be granted.

### Affirmative Defense No. 2

By way of affirmative defense, the Defendant states that the Defendant is entitled to qualified good faith immunity.

### Affirmative Defense No. 3

By way of affirmative defense, the Defendant states that his actions are immune from suit as they were discretionary functions.

### Affirmative Defense No. 4

By way of affirmative defense, the Defendant states that none of his acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff, nor were these alleged injuries or damages caused by any person or entity within the Defendant's responsibility or control.

## JURY DEMAND

THE DEFENDANT CLAIMS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY.

[signature on following page]

Respectfully submitted,
The Defendant,
YURIY BUKHENIK,
By his attorneys,

*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042
Michael V. Glennon, BBO# 678977
Alexander G. Kesten, BBO# 709339
BRODY, HARDOON, PERKINS & KESTEN, LLP
265 Franklin Street, 12th Floor
Boston, MA 02110
(617) 880-7100
lkesten@bhpklaw.com
mglennon@bhpklaw.com
akesten@bhpklaw.com

Dated: January 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042

Dated: January 23, 2026