UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>        Defendants. | Civil Action No. 1:25-CV-13588-DJC<br><br>**JURY TRIAL DEMANDED** |

## THE COMMONWEALTH WITNESSES' [1] SPECIAL MOTION TO DISMISS UNDER MASSACHUSETTS' ANTI-SLAPP STATUTE; AND [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to M.G.L. c. 231, § 59H and Fed R. Civ. P. 12(b)(6), Defendants Brian Albert, Nicole Albert, Matthew McCabe, Jennifer McCabe, and Brian Higgins (hereinafter, the "Commonwealth Witnesses"), respectfully move to dismiss, in its entirety, the Complaint filed by Plaintiff Karen Read ("Ms. Read") on November 17, 2025 in the Massachusetts Superior Court and removed to this Court on November 25, 2025. *See* Dkt. No. 1.

The Court should dismiss Ms. Read's Complaint against the Commonwealth Witnesses pursuant to M.G.L. c. 231, § 59H because, at its core, Ms. Read seeks to hold each Commonwealth Witness liable solely for their engagement in petitioning activity—namely, speaking to the police on or around January 29, 2022.

In the alternative, the Court should dismiss Ms. Read's Complaint against the Commonwealth Witnesses pursuant to Fed. R. Civ. P. 12(b)(6) because her 42 U.S.C. § 1983 civil

conspiracy, Massachusetts Civil Rights Act ("MCRA"), intentional infliction of emotional distress ("IIED"), and common law civil conspiracy claims are all time-barred because they were brought outside of the requisite three-year statute of limitations period. Those claims accrued in February 2022, when Ms. Read became aware of the injuries underlying them. Moreover, all claims brought against the Commonwealth Witnesses fail to adequately plead claims for which relief can be granted. First, Ms. Read fails to state a malicious prosecution claim because she cannot plausibly establish: (1) that the Commonwealth Witnesses "commenced or continued" the criminal proceedings brought against her; (2) that her arrest, indictment, and prosecution lacked any requisite probable cause; or (3) that the Commonwealth Witnesses acted with any semblance of malice against her. Second, Ms. Read's 1983 conspiracy claim fails because the allegations are insufficient to impute state action onto the Commonwealth Witnesses. Third, Ms. Read fails to adequately set forth a common law conspiracy claim because her allegations rely entirely on conjecture and, more notably, because she fails to set forth any allegation that the Commonwealth Witnesses acted with knowledge that a wrongful act was even being perpetrated. Fourth, the MCRA claim fails because the Complaint lacks any accusation that Ms. Read experienced any physical harm as a result of the Commonwealth Witnesses' conduct and otherwise fails to set forth that Ms. Read was ever threatened, intimidated, or coerced by them. And finally, Ms. Read fails to state a claim for intentional infliction of emotional distress because nothing in the Complaint outlines conduct that any reasonable person would consider to be beyond all possible bounds of human decency.

The grounds for these Motions are more fully set forth in the contemporaneously filed *Memorandum of Law in Support of the Commonwealth Witnesses' [1] Special Motion to Dismiss*

*Under Massachusetts' Anti-SLAPP Statute; and [2] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).*

## REQUEST FOR ORAL ARGUMENT

The Commonwealth Witnesses believe that oral argument on these Motions would be beneficial to the Court and therefore request that the Court set these Motions for argument.

Dated: January 23, 2026

Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ James L. Tuxbury*

James L. Tuxbury (BBO #624916)
Kieran T. Murphy (*pro hac vice* forthcoming)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Telephone: 617-345-9000
jtuxbury@hinckleyallen.com

30 South Pearl Street – Suite 1101
Albany, NY 12207
Telephone: 518-396-3100
kmurphy@hinckleyallen.com

## **LOCAL RULE 7.1 CERTIFICATE**

Undersigned counsel certifies that, on January 23, 2026, he spoke by telephone with counsel of record for Plaintiff, Aaron Davis Rosenberg, Esq., concerning the issues raised in these Motions. The Parties were unable to resolve or narrow those issues.

*/s/ James L. Tuxbury*
James L. Tuxbury

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on January 23, 2026, and will be sent electronically to any registered participants identified on the Notice of Electronic Filing. Additionally, I certify that on January 23, 2026, a copy of the foregoing document was sent via email to counsel of record for Plaintiff listed below:

    Aaron Davis Rosenberg, Esq.,
    Sheehan Phinney Bass and Green PA
    28 State St., 22nd Floor
    Boston, MA 02109

    Damon M. Seligson, Esq.,
    Sheehan Phinney Bass and Green PA
    28 State St., 22nd Floor
    Boston, MA 02109

    Charles Waters, Esq.,
    Sheehan Phinney Bass and Green PA
    28 State St., 22nd Floor
    Boston, MA 02109

*/s/ James L. Tuxbury*
James L. Tuxbury