UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; TOWN OF CANTON; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>    Defendants. | Civil Action No. 1:25-cv-13588-DJC |

**CORRECTED MOTION FOR EXTENSION OF DEADLINE
TO RESPOND TO MOTIONS TO DISMISS**

Plaintiff Karen Read ("Read") files this Corrected Motion regarding the current deadline for her to respond to Defendants' Motions to Dismiss. On February 4, 2026, Read filed an Assented-To Motion extending the deadline for her to oppose the pending Motions to March 9, 2026, which the Court allowed. However, Read intended to extend the deadline for her to respond to the Motions in any manner permitted by the Rules, rather than solely "opposing" them. Specifically, Read has yet to decide whether she will oppose the Motions or amend the Complaint in response, pursuant to Rule 15(a)(1)(B). Therefore, she seeks to extend the deadline to amend to be concomitant with the deadline to oppose, which is now March 9, 2026, so that she may respond to the Motions in either manner permitted by the Rules.

Defendant Michael Proctor filed an Answer to Read's Complaint on January 16, 2026. On January 23, 2026, Defendant Yuriy Bukhenik filed his Answer and the remaining defendants filed Motions to Dismiss. As the Court is aware, Rule 15(a)(1)(B) permits a party to amend as of

right "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier," in lieu of opposing such a motion. Here, multiple Defendants filed "a motion under Rule 12(b)" 21 days ago, meaning that this Motion is being filed within the applicable amendment period. Additionally, even if the Rule required Read to amend within 21 days of the first Defendant's response to the Complaint, her initial Motion for Extension was filed 19 days after the first Defendant – Proctor – filed a responsive pleading. However, that reading of the Rule would defeat its purpose by removing a plaintiff's right to amend in response to a Motion to Dismiss in any case where there are multiple defendants and one answers before the other seeks dismissal. But regardless, Read has acted in a timely fashion under either reading of the Rule.

Despite the Rule's language, Read's timeliness, and her prior willingness to agree to multiple extensions for the Defendants to respond to her Complaint, Defendants now refuse to assent to this Motion or to any extension of the deadline to amend pursuant to Rule 15(a)(1)(B).[1] There is no substantive or colorable basis for them to do so. Indeed, denying this Motion would violate the purpose of that Rule itself: "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Fed. R. Civ. P. 15, Comm. Notes on Rules – 2009 Amendment.

This case is just beginning and no Defendant would be prejudiced by the procedural clarification Read seeks here, particularly where the moving defendants already agreed to the same duration of extension. Therefore, Read respectfully requests that the Court allow this

---

[1] As noted in the Certification below, counsel to Nicole and Brian Albert, Jennifer and Matthew McCabe, Brian Higgins, and Michael Proctor refused to assent to this relief. Counsel to Yuriy Bukhenik and Brian Tully did not respond to a request for assent sent the evening before filing or a follow up message sent the day of filing.

Motion and leave her the options the Rules provide on the same timeline to which all parties previously agreed.

**WHEREFORE**, Read respectfully requests that the Court allow this Motion and extend the deadline for Read to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), should she choose to do so, to March 9, 2026.

Respectfully submitted,

KAREN READ,

By her attorneys,

/s /Aaron D. Rosenberg
Damon M. Seligson (BBO# 632763)
Charles M. Waters (BBO# 631425)
Aaron D. Rosenberg (BBO# 684826)
Sheehan Phinney Bass & Green, PA
28 State Street, 22nd Floor
Boston, MA 02109
617.897.5600
dseligson@sheehan.com
cwaters@sheehan.com
arosenberg@sheehan.com

Dated: February 13, 2026

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I certify that I conferred with counsel to the Defendants via email regarding the subject of this Motion prior to filing it. Counsel to Defendants Brian Albert, Nicole Albert, Matthew McCabe, Jennifer McCabe, Brian Higgins, and Michael Proctor refused to assent. Counsel to the remaining Defendants did not respond to my requests for assent prior to the time of filing.

/s/ Aaron D. Rosenberg
Aaron D. Rosenberg

Dated: February 13, 2026

3

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically today via the Court's CM/ECF Electronic Filing System. A notice of electronic filing will be sent by e-mail to all parties via operation of the Court's CM/ECF Electronic Filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Aaron D. Rosenberg*
                                                Aaron D. Rosenberg

Dated: February 13, 2026