UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>        Defendants. | Civil Action No. 1:25-cv-13588-DJC |

### DEFENDANTS BRIAN ALBERT, NICOLE ALBERT, JENNIFER MCCABE, MATTHEW MCCABE, AND BRIAN HIGGINS' OPPOSITION TO PLAINTIFF'S "CORRECTED MOTION FOR EXTENSION"

Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe and Brian Higgins (collectively, "Commonwealth Witnesses") hereby oppose Plaintiff Karen Read's ("Plaintiff" or "Ms. Read") recently filed "Corrected Motion for Extension." Dkt. No. 44. There is nothing to "correct" here. On February 2, 2026 Plaintiff's counsel contacted counsel for the Commonwealth Witnesses and requested a 30-day extension to "oppose [the Commonwealth Witnesses'] Motion to Dismiss/Special Motion to Dismiss." The Commonwealth Witnesses assented. On February 4, 2026, Plaintiff filed an assented-to motion for the requested 30-day extension to "substantively and fully respond to the numerous arguments asserted in these six defendants' motions." Dkt. No. 40. The Court allowed that extension of time for Ms. Read to file a response or reply to the pending motions to dismiss. *See* Dkt. No. 41.

Ms. Read now seeks something entirely new. She asks this Court to revive her deadline to

amend her November 2025 Complaint (the "Complaint") as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), which deadline expired on February 6, 2026, and then extend that deadline until March 6, 2026 because Plaintiff has "yet to decide" whether to oppose the Commonwealth Witnesses' special motion to dismiss under the Massachusetts anti-SLAPP Act, and 12(b) motion to dismiss, or file a new complaint to restart that motion practice months from now.  But Ms. Read's right to amend under Rule 15(a)(1)(B) has expired and cannot be revived.  If Plaintiff "decides" to try and amend the Complaint, she can seek leave to do so under Rule 15(a)(2), and then the Commonwealth Witnesses can raise any objections, including futility, which would be particularly relevant here given the pending special motion to dismiss under the anti-SLAPP statute and the statute of limitations deficiencies in the Complaint.  Accordingly, Plaintiffs' Motion to revive Rule 15(a)(1)(B), and extend the expired deadline by a period of 30-days should be denied, and Ms. Read should be directed to seek leave if she would like to attempt to amend the Complaint.

In further support of their opposition, the Commonwealth Witnesses state as follows:

1. Plaintiff commenced the above-captioned action initially by filing the Complaint in the Bristol County Superior Court of Massachusetts on or around November 17, 2025.  *See* Case No. 2573-CV-00914.

2. The Commonwealth Witnesses accepted service of the Complaint on November 25, 2025.  *See* Dkt. No. 1.

3. That same day, the Commonwealth Witnesses removed the action from the Bristol County Superior Court to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1331 and 1441.  *See id.*

4. On January 16, 2026, Defendant Michael Proctor filed an answer to the Complaint (the "First Responsive Pleading").  *See* Dkt. No. 33.

5. On January 23, 2026, Defendant Yuriy Bukhenik filed an answer to the Complaint, *see* Dkt. No. 35, Defendant Brian Tully filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *see* Dkt. No. 34, and the Commonwealth Witnesses filed their Special Motion to Dismiss the Complaint pursuant to Massachusetts' anti-SLAPP statute and Fed. R. Civ. P. 12(b)(6), *see* Dkt. Nos. 36-37.

6. On February 2, 2026, counsel for Plaintiff requested that the Commonwealth Witnesses assent "to a 30 day extension of the deadline to oppose their Motion to Dismiss/Special Motion to Dismiss," *see* Ex. A, and the Commonwealth Witnesses gave their assent on February 4, 2026.

7. On February 5, 2026, the Court granted Plaintiff's "Assented to Motion for Extension of Time to File a Response/Reply" to the pending motions. *See* Dkt. No. 41.

8. Plaintiff has never requested that the Commonwealth Witnesses assent to, nor has this Court granted, an extension of time to amend the Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

9. The time for Plaintiff to amend the Complaint as a matter of course expired on February 6, 2026, *i.e.*, 21 days after the filing of the First Responsive Pleading. *See* Fed. R. Civ. P. 15(a)(1)(B). The advisory committee's note to 2009 amendment make it clear that the "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative." This advisory committee note further stated that, "[i]f a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." *See also Teknor Apex Co. v. Hartford Acc. & Indem. Co.*, 2012 WL 6840498, at *9 (D.R.I. Dec. 14, 2012) (right to amend under Rule 15(a)(1) deadline triggered with first responsive pleading and "did not reset" because of subsequent pleading);

3

*Brown v. W. Valley Envt'l Servs., LLC*, 2010 WL 3369604, at *9-10 (W.D.N.Y. Aug. 24, 2010) (same).

10. Despite the clear language in the Rule and the advisory committee's notes that the deadline to amend as a matter of right expires 21-days after the first responsive pleading, here February 6, on the evening of February 12, 2026, Plaintiff's counsel contacted the undersigned asserting that Plaintiff's deadline to amend as a matter of right was today, February 13, and that Plaintiff's prior motion "inadvertently" did not mention a right to amend in Plaintiff's prior motion seeking an extension. Neither statement was true.

11. The Commonwealth Witnesses treated Plaintiff's request as one to revive the Rule 15(a)(1)(B) deadline and to extend that revived deadline by an additional 30 days. Because of the prejudice that the Commonwealth Witnesses would suffer from reviving and extending the amendment as a matter of course until March 6, 2026, especially in light of the pending special motion to dismiss, the Commonwealth Witness could not assent.

12. Plaintiff's contention that the Commonwealth Witnesses' opposition to the extraordinary relief she requests lacks a "substantive or colorable basis" is misguided. Rule 15(a)(1)(B) is intended allow a plaintiff to promptly or "expedit[iously]" address clear deficiencies in a pleading. It is not a strategic tool to be employed for a plaintiff "to decide" for months whether to amend as a matter of course. That unjustified delay simply prejudices Defendants.

13. That prejudice is particularly strong in this case, where a special motion to dismiss under the anti-SLAPP statute is pending. Under that statute, special motions to dismiss are to be addressed expeditiously given the particular harm caused by a complaint that seeks to hold a party liable for petitioning activity. Plaintiff's proposal to give herself the discretion to amend without objection until March 6, 2026 undermines that statute.

14. By contrast, if Plaintiff "decides" that she would like to amend the Complaint, that option remains viable to her under Rule 15(a)(2) by seeking leave of the court to file an amended complaint. By seeking leave to amend, the Commonwealth Witnesses will have the opportunity to challenge that amendment. Such a challenge may be necessary here because many of the claims against the Commonwealth Witnesses are clearly time-barred under the relevant statute of limitations, and those untimely claims cannot be salvaged by creative pleading. Denying the Commonwealth Witnesses the opportunity to make that challenge imposes an additional level of prejudice that informed their decision not to assent to Plaintiff's Motion. In any event, given the expiration of Rule 15(a)(1)(B), a motion for leave is Plaintiff's recourse under the rules.

**WHEREFORE**, Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe and Brian Higgins respectfully request the Court:

A. Deny Plaintiff's "Corrected Motion for Extension";

B. To the extent that Plaintiff seeks to amend her Complaint, direct Plaintiff to file the proper motion pursuant to Fed. R. Civ. P. 15(a)(2); and

C. Grant any further relief the Court deems just and equitable.

Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT,
JENNIFER McCABE, MATTHEW McCABE,
and BRIAN HIGGINS

By their attorneys,

/s/ *James L. Tuxbury*
James L. Tuxbury (Bar No. 624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
(617) 378-4162
jtuxbury@hinckleyallen.com

30 South Pearl Street, Suite 1101
Albany, NY 12207
(518) 396-3100
kmurphy@hinckleyallen.com

Dated: February 13, 2026

**CERTIFICATE OF SERVICE**

    I certify that, on February 13, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

/s/ *Kieran T. Murphy*  
Kieran T. Murphy
