# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br><br>　　　　Plaintiff,<br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; TOWN OF CANTON; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-13588-DJC |

### [PROPOSED] REPLY IN SUPPORT OF CORRECTED MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO MOTIONS TO DISMISS

　　Plaintiff Karen Read ("Read") provides this short reply to address material omissions in the Opposition filed by Defendants Nicole and Brian Albert, Jennifer and Matthew McCabe, and Brian Higgins (the "House Defendants"). That Opposition argues that Read had twenty-one days from January 16, 2026 – the date that Defendant Michael Proctor ("Proctor") answered the Complaint – to amend, pursuant to Rule 15(a)(1)(B), despite the fact that they served their Motion to Dismiss and 40-page brief a week later. The House Defendants omit, however, the reason that their deadline was different from Proctor's:  the House Defendants' counsel asked for an additional week extension because of a death in the family, to which Read assented, and which the House Defendants now argue shortens the period of time Read had to amend as of right after receiving their Motion.

　　As the Court can see from the docket, all Defendants were set to respond to the Complaint by January 16th. Then, days before that deadline, counsel to the House Defendants

contacted Read's counsel, explained that his co-counsel had suffered a death in the family, and requested an additional week. Read's counsel agreed and assented to the House Defendants' Motion. Now, the House Defendants argue that, as a result of this professional courtesy, Read never had the full twenty-one days Rule 15(a)(1)(B) gives her to decide whether to respond to the House Defendants' Rule 12 Motion with an amended complaint. According to the House Defendants, if they had not sought and obtained an extra week to file their Motion, then Read would have had twenty-one days from such filing to amend (from January 16th to February 6th). But, according to the Opposition, because Read agreed to the extra time the House Defendants needed, she only had fourteen days to address their Motion with an amendment (from January 23rd to February 6th) because Proctor adhered to the original extended deadline.

    The Court should reject the House Defendants' attempt to use Read's counsel's professional courtesy against her. Read seeks only the right to do what Rule 15(a)(1)(B) permits – amend the Complaint once in response to a dispositive motion. To deny her that chance based on the seven-day interval between the date by which the House Defendants initially needed to respond to the Complaint and the extended deadline they sought, would unfairly deprive Read and the Court of the benefit of that Rule, which is to allow a Plaintiff to address alleged pleading deficiencies once without the need for full motion practice. Read's Motion should be allowed.

Respectfully submitted,

KAREN READ,

By her attorneys,

*/s /Aaron D. Rosenberg*
Damon M. Seligson (BBO# 632763)
Charles M. Waters (BBO# 631425)
Aaron D. Rosenberg (BBO# 684826)
Sheehan Phinney Bass & Green, PA
28 State Street, 22nd Floor
Boston, MA 02109
617.897.5600
dseligson@sheehan.com
cwaters@sheehan.com
arosenberg@sheehan.com

Dated: February 18, 2026

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically today via the Court's CM/ECF Electronic Filing System. A notice of electronic filing will be sent by e-mail to all parties via operation of the Court's CM/ECF Electronic Filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron D. Rosenberg*
Aaron D. Rosenberg

Dated: February 18, 2026

3