UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN READ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| MICHAEL PROCTOR, in his personal | ) | |
| capacity, SGT. YURIY BUKHENIK, in his | ) | Docket No.: 1:25-CV-13588- DJC |
| personal capacity, LT. BRIAN TULLY, in | ) | |
| his personal capacity, BRIAN ALBERT, | ) | |
| NICOLE ALBERT, JENNIFER McCABE, | ) | |
| MATTHEW McCABE, and BRIAN | ) | |
| HIGGINS, | ) | |
| Defendants | ) | |
| | ) | |

## ANSWER AND JURY DEMAND OF THE DEFENDANT MICHAEL PROCTOR TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant, Michael Proctor (hereinafter "Proctor") upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

Proctor hereby responds to the allegations contained in the Plaintiff's Complaint (the "Amended Complaint"), paragraph by paragraph, as follows:

### I.   INTRODUCTION

1. The allegations contained in this paragraph are introductory in nature and contain legal conclusions, therefore no response is necessary. To the extent a response is required, they are denied.

2. The allegations contained in this paragraph are introductory in nature and refer to other

1

defendants, therefore no response is necessary. To the extent a response is required, they are denied.

3. The allegations in this paragraph are introductory in nature and therefore no response is required. To the extent that a response is required, it is admitted that Proctor grew up, and resides in, Canton, Massachusetts, that Brian Albert was a Boston Police Officer and that Brian Higgins was an agent with the ATF. As to the remaining allegations, they are denied.

4. The allegations in this paragraph are introductory in nature and therefore no response is required. To the extent that a response is required, it is admitted that Mr. O'Keefe had bruises and lacerations on his face, and a deep gash to the back of his head and scratches on his right arm/forearm. Denied that there was an unwritten rule of "protecting their own." As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as their truth.

5. To the extent that a response is required, it is admitted that Proctor sent texts which speak for themselves. Denied that Proctor shielded the House Defendants by intentionally sidestepping fundamental investigatory procedures. As to the remaining allegations, Proctor is without knowledge or information to form a belief as to their truth.

6. The allegations in paragraph are introductory in nature, and therefore no response is necessary. To the extent a response is required, it is admitted that Proctor did not search the house for blood evidence, fingerprints or DNA evidence. Admitted that O'Keefe was found without a coat, hat and one shoe. As to the remaining allegations, they are denied.

7. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, it is admitted that Jennifer McCabe

voluntarily turned her phone over to the Norfolk County District Attorney's Office. As to the remaining allegations, they are denied.

8. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, admitted only that Proctor provided information to his sister. As to the remaining allegations, they are denied.

9. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, they are denied.

10. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent a response is required, it is admitted that Proctor sent text messages to his high school friends, sister and State Police colleagues which speak for themselves. As to the remaining allegations, they are denied.

11. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

12. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

13. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations contain legal conclusions, therefore no response is necessary. Responding further, Proctor admits he was

terminated by the Massachusetts State Police. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

14. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, the allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

15. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

16. The allegations in this paragraph are introductory in nature and therefore no response is necessary. To the extent that a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

## II.    PARTIES

17. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

18. Admitted that Proctor is a former Massachusetts State Trooper and that he resides in Canton, Massachusetts. As to the remaining allegations, they contain legal conclusions, therefore no response is necessary.

19. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

20. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

21. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

22. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

23. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

24. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

25. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

## III. JURISDICTION AND VENUE

26. The allegations in this paragraph contain legal conclusions, therefore no response is necessary.

## IV. FACTS COMMON TO ALL COUNTS

### *Mr. O'Keefe's Death*

27. Admitted.

28. Admitted that on January 28, 2022 Mr. O'Keefe and Ms. Read went to C.F. McCarthy's in Canton and then to the Waterfall Bar in Canton. Also admitted that O'Keefe was drinking. Denied that Ms. Read had "several" drinks – she had at least nine. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

29. Admitted that Jennifer McCabe told O'Keefe that he should come to the house. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

30. Admitted that Brian Albert and Mr. O'Keefe were Boston police officers and that Mr. Higgins was an ATF officer. Admitted that Kevin Abert and Proctor had a professional relationship. As to the remaining allegations, Proctor is without sufficient knowledge or information to form a belief as to their truth and calls upon plaintiff to prove them.

31. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

32. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

33. Denied.

34. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

35. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

36. Denied.

37. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

38. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

### Ms. Read Searches for Mr. O'Keefe

39. Proctor is without information or knowledge sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

40. Proctor is without information or knowledge sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

41. The allegations in this paragraph refer to other defendants, therefore no response is necessary.

### Investigation Begins

42. Admitted that the Canton Police Department were the first law enforcement officers on scene. Denied that there was no evidence that Mr. O'Keefe had been hit by a vehicle. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

43. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

44. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

45. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them and calls upon plaintiff to prove them.

46.    Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them and calls upon plaintiff to prove them.

47.    Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them and calls upon plaintiff to prove them.

### Proctor Leads MSP Investigation Despite Conflicts[1]

48.    Admitted that Proctor that was assigned as the case officer, and that Bukhenik and Tully were supervisors at the Norfolk County State Police Detective Unit. Proctor denies that he engaged in misconduct. As to the remaining allegations, they are denied.

49.    Admitted that Proctor grew up, and resides in, Canton. Admitted that Proctor's sister was a friend of Julie Albert's. Admitted that Proctor and Julie Albert had each other's personal cell phone numbers. Denied that Proctor is a "good friend" of the Alberts. Denied that Proctor intentionally suppressed the existence of any relationships. Denied that Proctor protected any of the House Defendants, and denied that the plaintiff's right to a fair investigation and trial were undermined. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief to their truth.

### Proctor, Bukhenik, and Tully Engage in a Corrupt and Biased Investigation By Not Investigating Inside the House, and Interviewing House Defendants as Friends Rather than Suspects

50.    Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

---

[1]    To the extent Proctor does not expressly admit the allegations contained in Plaintiff's Complaint, the allegations are denied, including the paragraph headings and prefatory statements contained therein.

51. Proctor denies that the interviews of the House Defendants were outside of normal protocol. Proctor admits that the interviews with the House Defendants were not tape recorded. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

52. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

53. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

54. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

55. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

56. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

57. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

58. The allegations in this paragraph refer to other defendants, therefore no response is

necessary. To the extent that they can be construed to be read against Proctor, they are denied.

59. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

60. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, he is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

61. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

62. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

63. Proctor admits that he interviewed the McCabes and Brian Albert on January 29th at the McCabe's home in Canton. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

64. Denied that Proctor intentionally avoided 34 Fairview. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

65. Admitted that Proctor interviewed Albert, Brian Higgins, Chris and Julie Albert and Caitlin

Albert and Brian Albert, Jr. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

66. Denied that Proctor failed to conduct a meaningful investigation. Admitted that Proctor interviewed Higgins and that Higgins presented some texts between himself and plaintiff. Further admitted that Higgins reported that he and Read had kissed. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

67. Proctor admits that he did not do further interviews with Higgins. Denied that Proctor hid any video. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

68. Denied.

69. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

70. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

71. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

72. Denied that Proctor intentionally refused to collect investigative evidence. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to them.

73. Admitted that Proctor spoke to his sister Courtney. Denied that Proctor failed to probe any "stories" and denied that he coordinated stories through his sister. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

74. Admitted that Courtney told Proctor that Julie Albert wanted to give Proctor a thank you gift (which was never offered nor accepted). Admitted that Proctor told Courtney to tell Julie Albert to give Proctor's wife the gift (which was never offered nor accepted). As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

75. Denied that Proctor treated the Alberts like family friends. Admitted that Proctor shared some details with Courtney. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

76. The allegations in the paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to read against Proctor, they are denied.

77. The allegations in the paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to read against Proctor, they are denied.

78. Denied.

79. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent a response is required, Proctor is without sufficient knowledge or information to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

80. The allegations in this paragraph refer to other defendants, therefore no response is

necessary. To the extent a response is required, Proctor is without sufficient knowledge or information to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

81. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent a response is required, Proctor is without sufficient knowledge or information to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

### Rather than Investigate Their Friends and Brethren, Proctor, Bukhenik, Tully and MSP Target Karen Read

82. Denied that there was substantial evidence exonerating Plaintiff and implicating others. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

83. Admitted that Ms. Read's cell phone and SUV were seized on January 29th. As to the remaining allegations, they are denied.

84. Admitted that Proctor texted his high school friends on the evening of January 29, the day he began his investigation. Denied that the MSP had not visited the crime scene. Denied that only cursory interviews of the McCabes and Brian Albert had taken place. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

85. Admitted that Proctor told his friends that O'Keefe had been hit by a car. Denied that from the outset Proctor was determined to pin it on the girl. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

86. Denied.

87. Denied.

*Proctor and Bukhenik Plant Certain Evidence, and Make False Statements in Court and Other Legal Documents to Frame Karen Read*

88.    Denied that Proctor "manufactured" a case against Ms. Read.  Denied that Proctor generated false incriminating evidence against Ms. Read.  Admitted that Proctor took no photographs of the inside or garage of 34 Fairview.  As to the remaining allegations, they refer to other defendants, therefore no response is necessary.  To the extent that they can be construed to be read against Proctor, he is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

89.    Admitted that Ms. Read's SUV was towed to the CPD "Sallyport." Admitted that Massachusetts was in the middle of a heavy snowstorm.  As to the remaining allegations, they are denied.

90.    Denied that Ms. Read's Lexus taillight had a minor crack and that the taillight was intact before it arrived at the garage.  Denied that the crack occurred when Ms. Read backed into Mr. O'Keefe's car at 5 a.m. that morning as she was leaving to search for him.  As to the video referenced in this paragraph, it speaks for itself. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

91.    Admitted that Proctor and Bukhenik followed the vehicle from Dighton to CPD and arrived just moments after the tow truck with the Lexus.  Denied that at some point after the vehicle arrived at the sallyport, the right rear taillight was almost entirely destroyed.  As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

92.    Denied.

93.    Admitted that one camera was inverted.  As to the remaining allegations, they are denied.

14

94. Denied.

95. Denied.

96. Admitted that Proctor applied for search warrants to the Stoughton District Court and Norfolk Superior Court for searches of Google electronic records, Ring videos, Ms. Read's phone, Ms. Read's vehicle, and cell tower records. Denied that Proctor's assertion that he seized the Lexus was intentionally false and done to hide any facts. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

97. Denied that Proctor maintained a false narrative and denied that he lied. Denied that he brought pieces of taillight back to the House and planted them. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

98. Admitted that Proctor retrieved Mr. O'Keefe's clothes from the floor of the hospital where O'Keefe was pronounced deceased. As to the remaining allegations, they are denied.

99. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

100. Denied.

101. The allegations in this paragraph refer to a document and said document speaks for itself, therefore no response is necessary.

102. Denied.

103. Denied that Proctor planted pieces of glass on the bumper of Ms. Read's SUV. Further denied that Proctor planted any evidence to make it look like glass shards originated from a cocktail glass that Mr. O'Keefe was holding when he existed the Waterfall Bar. Denied

that the only way for the glass to have ended up on the SUV bumper is that Proctor planted it in an attempt to connect the vehicle to the death of Mr. O'Keefe. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

### *Other Aspects of Conflicted and Corrupt Investigation*

104. Denied.

105. Denied.

106. Admitted that Proctor interviewed Brian Loughran, a Town of Canton snowplow operator. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

107. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

108. Denied that Proctor never made any effort to track down Mr. Loughlan. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

109. Denied that Proctor secretly made efforts to protect any Albert family members during the investigation. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

110. Admitted that Proctor used his personal cell phone to speak with Kevin Albert. As to the remaining allegations, they are denied.

111. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

112. Admitted that Proctor and Kevin Albert traveled in Proctor's cruiser to Cape Cod.

Admitted that Kevin Albert left his badge in Proctor's cruiser. As to the remaining allegations, they are denied.

113. Denied that Proctor, Bukhenik and Tully hid videos. Denied that they collaborated to keep exculpatory surveillance video from Ms. Read's defense team. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove the.

114. The allegations in this paragraph refer to other parties, therefore no response is necessary. To the extent that they can be read to be construed against Proctor, they are denied.

### The Indictments, Trials and Aftermath

115. Admitted that plaintiff was arrested pursuant to a criminal complaint. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as their truth and calls upon plaintiff to prove them and calls upon plaintiff to prove them.

116. Admitted that plaintiff was later re-arrested. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

117. Admitted that plaintiff was tried twice by the Commonwealth and that the first trial ended in a hung jury. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth and calls upon plaintiff to prove them.

118. The allegations in this paragraph call for conclusions of law, therefore no response is necessary.

119. Denied.

120. Proctor is without knowledge or information sufficient to form a belief as to the truth of

these allegations and calls upon plaintiff to prove them.

121.    Denied.

### The House Defendants And Investigators Continue to Lie And Manufacture Evidence and Coordinate and Conspire Together, Years Later

122.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

123.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

124.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

125.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

126.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

127.    The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

128.    Denied that Proctor "coordinated" with any co-defendants.

129.    Proctor is without knowledge or information sufficient to form a belief as to the truth of

these allegations and calls upon plaintiff to prove them.

130. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

131. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

132. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

133. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

134. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

135. To the extent that the allegations in this paragraph can be construed to be read against Proctor, they are denied.

136. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

### *MSP Investigates and Punishes Proctor, Bukhenik, and Tully for Their Misconduct During the Investigation*

137. Admitted that Proctor testified at the state grand jury. As to the remaining allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

138. Admitted that Proctor was relieved from duty. Admitted that Proctor was transferred out of the detective unit of the Norfolk County District Attorney's Office. Admitted that Proctor was terminated from the Massachusetts State Police. As to the remaining

19

allegations, Proctor is without knowledge or information sufficient to form a belief as to their truth.

139. The allegations in this paragraph refer to another defendant, therefore no response is necessary. To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

140. The allegations in this paragraph refer to another defendant, therefore no response is necessary. To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

141. The allegations in this paragraph refer to other parties, therefore no response is necessary. To the extent a response is required, Proctor is without knowledge or information sufficient to form a belief as to their truth.

142. Proctor is without knowledge or information sufficient to form a belief as to the truth of these allegations and calls upon plaintiff to prove them.

## V.    COUNTS

### Count I- 42 U.S.C. § 1983- Malicious Prosecution under the Fourth Amendment
### (Against Proctor, Bukhenik, Tully)

143. Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-142 of plaintiff's Amended Complaint.

144. Denied.

145. The allegations in this paragraph contain legal conclusions therefore no response is necessary.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

### Count 2 – 42 U.S.C. § 1983 – Supervisor Liability
### (Against Bukhenik and Tully in their Individual Capacities)

152. Proctor repeats, reavers and incorporates herein his responses to paragraphs 1-151 of plaintiff's Amended Complaint.

152-161. Count 2, and paragraphs 152 – 161 refer to other defendants, therefore, no response is necessary. To the extent these allegations can be construed to be read against Proctor, they are denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

### Count 3 – 42 U.S.C. § 1983 – Conspiracy to Deprive Ms. Read of Her Fourth Amendment Rights
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

162. Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-161 of plaintiff's Amended Complaint.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

172. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

173. Denied.

174. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

### Count 4 – Massachusetts Civil right Act ("MCRA")
### (Against Proctor, Bukhenik, Tully, the Alberts, McCabes and Higgins)

175. Proctor repeats, reavers and incorporates herein his responses to paragraphs 1-174 of plaintiff's Amended Complaint.

176. Denied.

177. Denied.

178. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

179. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

180. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

### Count 5 – Common Law Malicious Prosecution
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

185. Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-184 of plaintiff's Amended Complaint.

186. Denied

187. Denied.

188. Denied.

189. The allegations in this paragraph contain legal conclusions, therefore no response is necessary.

190. The allegations in this paragraph refer to other defendants, therefore no response is

necessary. To the extent that they can be construed to be read against Proctor, they are denied.

191. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

192. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

193. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

### Count 6 – Intentional Infliction of Emotional Distress
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

194. Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-193 of plaintiff's Amended Complaint.

195. Denied.

196. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

197. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

198. The allegations in this paragraph refer to other defendants, therefore no response is

necessary. To the extent that they can be construed to be read against Proctor, they are denied.

199. Denied.

200. Denied.

201. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

## Count 7 – Civil Conspiracy
### (Against Proctor, Bukhenik, Tully, the Alberts, the McCabes and Higgins)

202. Proctor repeats, re-avers and incorporates herein his responses to paragraphs 1-201 of plaintiff's Amended Complaint.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

212. The allegations in this paragraph refer to other defendants, therefore no response is

necessary. To the extent that they can be construed to be read against Proctor, they are denied.

213. The allegations in this paragraph refer to other defendants, therefore no response is necessary. To the extent that they can be construed to be read against Proctor, they are denied.

214. Denied.

215. Denied.

216. Denied.

Wherefore, Proctor respectfully requests that this Court dismiss plaintiff's Amended Complaint with prejudice, enter judgment in Proctor's favor, and award any other relief that the Court deems fair and just.

## AFFIRMATIVE DEFENSES

Responding further to plaintiff's Amended Complaint, Proctor asserts the following additional affirmative defenses:

### DEFENSE NO. 3

Proctor is entitled to, and plaintiff's claims are barred by, the doctrine of qualified immunity.

### DEFENSE NO. 4

Proctor is entitled to, and plaintiff's claims are barred by the doctrine of common law immunity.

### DEFENSE NO. 5

At all times Proctor acted in good faith, without malice, and without corruption.

### DEFENSE NO. 6

Proctor's alleged actions and omissions were not the proximate, factual, legal or but for cause of plaintiff's alleged injuries.

### DEFENSE NO. 7

Plaintiff's alleged injuries were caused by persons or entities for whom Proctor is not responsible.

### DEFENSE NO. 8

Plaintiff comes to the Court with unclean hands.

### DEFENSE NO. 9

At all times Proctor acted reasonably and in good faith.

### DEFENSE NO. 10

Plaintiff has failed to mitigate her damages.

### DEFENSE NO. 11

Plaintiff's Complaint is frivolous and not brought in good faith and Proctor is entitled to costs, attorney's fees, and expenses pursuant to M.G.L. c. 231 § 6F.

### DEFENSE NO. 12

At no time was Proctor's conduct extreme, outrageous, or beyond the bounds of decency.

### DEFENSE NO. 13

Plaintiff's claim is barred by the statute of limitations.

### DEFENSE NO. 14

Proctor's actions and conduct were protected by legal process and therefore plaintiff cannot recover.

### DEFENSE NO. 15

At all times Proctor acted in good faith and in accordance with the Constitutions and laws

of the United States and of the Commonwealth of Massachusetts.

## DEFENSE NO. 16

If the plaintiff was deprived of any rights (which Proctor denies), the plaintiff had adequate post-deprivation remedies and, therefore, cannot recover.

## DEFENSE NO. 17

Proctor was at all times acting in the furtherance of his official duties and relying on a facially valid court order and, therefore, is entitled to quasi-judicial immunity.

## DEFENSE NO. 18

Proctor submits that because Ms. Read was indicted by a grand jury, he is entitled to a presumption of probable cause. Generally, "a grand jury indictment definitively establishes probable cause." Gonzalez Rucci v. I.N.S., 405 F.3d 45, 49 (1st Cir. 2005); Lucien-Calixte v. David, 405 F. Supp. 3d 171, 177–78 (D. Mass. 2019). At all times, probable cause existed to arrest.

## DEFENSE NO. 19

The Plaintiff was not deprived of any rights protected under any federal or state constitutional or statutory provisions and, therefore, the Plaintiff cannot recover.

## DEFENSE NO. 20

Proctor did not initiate criminal proceedings against the plaintiff and, therefore, the plaintiff cannot recover.

## DEFENSE NO. 21

Proctor did not withhold or conceal exculpatory evidence from the prosecution. Alternatively, even if such evidence was withheld or concealed, it was not material to the issues presented in plaintiff's criminal cases and, therefore, the plaintiff cannot recover.

## DEFENSE NO. 22

The plaintiff fails to allege a conspiracy with adequate specificity and, therefore, cannot recover.

### DEFENSE NO. 23

Procter is immune from suit and liability under the litigation privilege.

### DEFENSE NO. 24

The plaintiff fails to plausibly allege facts supporting individual capacity claims against Proctor and, therefore, plaintiff's tort claims should be dismissed. See, e.g., Doyle v. City of Quincy, 104 Mass. App. Ct. 761, 765 (2024).

### DEFENSE NO. 25

Proctor hereby expressly reserves the right to supplement this Answer to include additional relevant affirmative defenses as additional facts become available.

### DEFENSE NO. 26

To the extent not expressly admitted herein, Proctor denies each and every allegation in plaintiff's Amended Complaint.

### JURY DEMAND

### PROCTOR DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

The Defendant,
MICHAEL PROCTOR
By his Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

/s/ Matthew J. Hamel

3-26-26

Thomas V. DiGangi, BBO #648415
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO # 706146
10 Post Office Square, Suite 1100N

Boston, MA 02109
(617) 350-0950
tdigangi@piercedavis.com
jcrotty@piercedavis.com
mhamel@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this 26th day of March, 2026.

Thomas v. DiGangi

30