**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN READ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:25-CV-13588-DJC |
| v. | ) |
| | ) |
| MICHAEL PROCTOR, in his personal | ) |
| capacity; SGT. YURIY BUKHENIK, in his | ) **JURY TRIAL DEMANDED** |
| personal capacity; LT. BRIAN TULLY, in | ) |
| his personal capacity; BRIAN ALBERT; | ) |
| NICOLE ALBERT; JENNIFER McCABE; | ) |
| MATTHEW McCABE; and BRIAN | ) |
| HIGGINS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THE COMMONWEALTH WITNESSES' [1] SPECIAL MOTION TO DISMISS UNDER MASSACHUSETTS' ANTI-SLAPP STATUTE; AND [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to M.G.L. c. 231, § 59H and Fed R. Civ. P. 12(b)(6), Defendants Brian Albert, Nicole Albert, Matthew McCabe, Jennifer McCabe, and Brian Higgins (hereinafter, the "Commonwealth Witnesses"), respectfully move to dismiss, in its entirety, the Amended Complaint filed by Plaintiff Karen Read ("Ms. Read") on March 13, 2026. *See* Dkt. No. 54.

The Court should dismiss Ms. Read's Amended Complaint against the Commonwealth Witnesses pursuant to M.G.L. c. 231, § 59H. First, at its core, Ms. Read seeks to hold each Commonwealth Witness liable solely for their engagement in petitioning activity—namely, speaking to the police on or around January 29, 2022 and testifying at one or both of Ms. Read's criminal trials. Second, Ms. Read will be wholly unable to show that the Commonwealth Witnesses' right to petition was devoid of any reasonable factual support or arguable basis in law.

1

In the alternative, the Court should dismiss Ms. Read's Amended Complaint against the Commonwealth Witnesses pursuant to Fed. R. Civ. P. 12(b)(6) because the allegations underlying all of her claims against them are shielded by the doctrine of absolute immunity. Controlling precedent is clear that statements made in relation to judicial proceedings, including statements rendered to police prior to an arrest, cannot form the basis of a civil claim. Such protection cannot be circumvented simply by pleading that a witness conspired to present false testimony. Additionally, Ms. Read's 42 U.S.C. § 1983 civil conspiracy, Massachusetts Civil Rights Act ("MCRA"), intentional infliction of emotional distress ("IIED"), and common law civil conspiracy claims are all time-barred because they were brought outside of the requisite three-year statute of limitations period. Those claims accrued in February 2022, when Ms. Read became aware of the injuries underlying them.

Moreover, all claims brought against the Commonwealth Witnesses fail to adequately plead claims for which relief can be granted. First, Ms. Read fails to state a malicious prosecution claim because she cannot plausibly establish: (1) that the Commonwealth Witnesses "commenced or continued" the criminal proceedings brought against her; (2) that her arrest, indictment, and prosecution lacked any requisite probable cause; or (3) that the Commonwealth Witnesses acted with any semblance of malice against her. Second, Ms. Read's 1983 conspiracy claim fails because the allegations are insufficient to impute state action onto the Commonwealth Witnesses. Third, Ms. Read fails to adequately set forth a common law conspiracy claim because her allegations rely entirely on conjecture and, more notably, because she fails to set forth any allegation that the Commonwealth Witnesses acted with knowledge that a wrongful act was even being perpetrated. Fourth, the MCRA claim fails because the Complaint lacks any accusation that Ms. Read experienced any physical harm as a result of the Commonwealth Witnesses' conduct

2

and otherwise fails to set forth that Ms. Read was ever threatened, intimidated, or coerced by them. And finally, Ms. Read fails to state a claim for intentional infliction of emotional distress because nothing in the Complaint outlines conduct that any reasonable person would consider to be beyond all possible bounds of human decency.

The grounds for these Motions are more fully set forth in the contemporaneously filed *Memorandum of Law in Support of the Commonwealth Witnesses' [1] Special Motion to Dismiss Under Massachusetts' Anti-SLAPP Statute; and [2] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

The Commonwealth Witnesses believe that oral argument on these Motions would be beneficial to the Court and therefore request that the Court set these Motions for argument.

Dated: April 3, 2026                    Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ James L. Tuxbury*
James L. Tuxbury (BBO #624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Telephone: 617-345-9000
jtuxbury@hinckleyallen.com

30 South Pearl Street – Suite 1101
Albany, NY 12207
Telephone: 518-396-3100
kmurphy@hinckleyallen.com

3

## LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel certifies that, on April 3, 2026, he spoke by telephone with counsel of record for Plaintiff, Aaron D. Rosenberg, Esq., concerning the issues raised in these Motions. The Parties were unable to resolve or narrow those issues.

*/s/ Kieran T. Murphy*
Kieran T. Murphy

5

## CERTIFICATE OF SERVICE

I certify that, on April 3, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

/s/ Kieran T. Murphy
Kieran T. Murphy

5