# Exhibit D

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.
                                        SUPERIOR COURT
                                        CRIMINAL ACTION
                                        22-00117

COMMONWEALTH

vs.

KAREN READ

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S
·MOTION FOR ORDER PURSUANT TO MASS. R. CRIM. P. 17
DIRECTED TO BRIAN ALBERT, VERIZON, AND AT&T

The defendant, Karen Read, is charged with murder in the second degree in violation of

G. L. c. 265, § 1, manslaughter while operating under the influence of alcohol in violation of G.

L. c. 265, § 13 ½, and leaving the scene of personal injury and death in violation of G. L. c. 90,

§ 24(2)(a½)(2).  The charges arise from the death of her boyfriend, Boston Police Officer John

O'Keefe, who was found unresponsive in the snow outside a residence in Canton on the morning

of January 29, 2022.  The case is before the court on the Defendant's Motion for Order Pursuant

to Mass. R. Crim. P. 17 Directed to Brian Albert, Verizon, and AT&T.  After a hearing on May

24, 2023 and review of written arguments submitted, the defendant's motion is **DENIED**.

BACKGROUND

On the evening of January 28, 2022, John O'Keefe ("O'Keefe") and the defendant met

with a group of people including Boston Police Officer Brian Albert ("Albert") and Albert's

sister-in-law, Jennifer McCabe ("McCabe"), at a bar in Canton.  As the bar was closing, the

group was invited to Albert's residence.  O'Keefe and the defendant left the bar together in the

defendant's vehicle and proceeded to the residence as heavy snow was falling.  The defense

maintains that the defendant dropped off O'Keefe at the residence and left under the impression

that he went inside. Others present at the time, however, have reported that O'Keefe never entered the residence.

O'Keefe did not return home. Early in the morning, a distraught defendant called McCabe and a friend of O'Keefe's to meet her and look for him together. Shortly after 6:00 a.m., they arrived at Albert's residence where only the defendant saw O'Keefe lying in the front yard in the snow, unresponsive. O'Keefe was transported to the hospital and pronounced dead.

The defendant is charged with O'Keefe's murder. The Commonwealth's case is largely premised on the theory that she struck O'Keefe with her vehicle outside Albert's residence and left him there.

The defendant is pursuing a third-party culprit defense, arguing that Albert and McCabe are responsible for O'Keefe's death and that they, along with others, are engaged in a coverup. She maintains that they have tampered with and attempted to conceal evidence on their cell phones that incriminates them. Specifically, she points to the fact that after O'Keefe's body was found, McCabe called Albert once and his wife twice. No one answered the call to Albert, but someone answered the calls to his wife. All three calls, and a screenshot of Albert's contact information, were deleted from McCabe's cell phone.

The defendant also points to the fact that shortly after O'Keefe's body was found, McCabe searched on her cell phone "how long ti die in cikd" and then "hos long to die in cold." The defendant asserts that earlier that morning at 2:27 a.m., before O'Keefe's body was found, McCabe searched on her cell phone "hos long to die in cold" and that she attempted to delete this search from her cell phone.[1]

The defendant now seeks a summons for Albert's cell phone, as well as his and

---

[1] The Commonwealth disputes that McCabe did so. The court assumes that she did only for purposes of this motion.

McCabe's cell phone records.[2]

## DISCUSSION

Under Mass. R. Crim. P. 17(a)(2), the court may issue a summons ordering a third-party to produce "books, papers, documents, or other objects" prior to trial. The purpose of the rule is "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Commonwealth* v. *Dwyer*, 448 Mass. 122, 142 (2006), quoting *United States* v. *Nixon*, 418 U.S. 683, 698-699 (1974). In deciding a defendant's motion pursuant to Rule 17(a)(2), the court must "balance the defendant's right to mount a defense with the Commonwealth's right to prevent unnecessary delay of the trial and unwarranted harassment of witnesses and third parties." *Commonwealth* v. *Lam*, 444 Mass. 224, 229-230 (2005). To succeed, the defendant must establish good cause by showing:

> "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

*Commonwealth* v. *Lampron*, 441 Mass. 265, 269-270 (2004), quoting *Nixon*, 418 U.S. at 699-700. See *Matter of an Impounded Case*, 491 Mass. 109, 117 (2022). The defendant here has not met that standard.

---

[2] Specifically, the defendant seeks a summons for "all cell phone(s) in the possession of and/or used by Brian Albert between January 28, 2022 and present" for forensic examination to recover "incoming and outgoing text messages, voice calls, voicemails, emails, location data, web searches, photographs, and/or other communications sent and/or received by Brian Albert on any other messaging platforms between January 28, 2022, and February 5, 2022," in addition to information contained on any cloud-based accounts used to store such information and any passwords necessary to access the cell phones and/or cloud-based information. The defendant also seeks summonses for (1) call records, call detail records, SMS text and MMS records, and data records for Albert's and McCabe's cell phone numbers between January 28, 2022 and February 5, 2022 from Verizon and/or AT&T; (2) cell tower and cell phone location information for Albert's cell phone numbers between January 28, 2022 and February 5, 2022 from Verizon and AT&T; and (3) subscriber information associated with Albert's and McCabe's cell phone numbers from Verizon and/or AT&T.

The defendant has not shown with credible evidence that relevant, admissible evidence will be found on Albert's cell phone or in his cell phone records. The single, unanswered phone call from McCabe to Albert shortly after O'Keefe's body was discovered is insufficient to establish any meaningful connection between Albert's cell phone and this case.[3] The defendant has not pointed to any other evidence that does so. The defendant therefore, has not shown that the cell phone or records have "a 'rational tendency to prove [or disprove] an issue in the case'" as is required to satisfy the mandate of Rule 17. *Commonwealth* v. *Jones*, 478 Mass. 65, 68 (2017), quoting *Lampron*, 441 Mass. at 269-270. Rather, the defendant is improperly attempting to use Rule 17 as a vehicle "for the exploration of potential evidence . . . ." *Lampron*, 441 Mass. at 269.

The defendant also has not shown that her request for McCabe's cell phone records satisfies the Rule 17 standard. The defendant asserts that the records "will undoubtedly reveal text messages and calls that Ms. McCabe deleted from her phone in an effort to interfere with the investigation" and "will establish whether there are additional, substantive communications that are missing and/or were deleted from Brian Albert's and/or Jennifer McCabe's cell phones from the period in question." Defendant's Motion at 18, 20. Here, the defendant is seeking to use Rule 17 as "a discovery tool," which is impermissible. *Lampron*, 441 Mass. at 269. In addition, the defendant has not provided a sufficient factual basis that the cell phone records may be relevant to her defense. See *Jones*, 478 Mass. at 68 (relevance "is not established by rank speculation," and "[p]otential relevance and conclusory statements regarding relevance" do not satisfy *Lampron*'s requirements [citations and quotations omitted]).

---

[3] At the hearing, defense counsel noted that Albert and McCabe communicated via their cell phones later that day. This does not, however, persuade the court that Albert's phone or the corresponding phone records contain evidence that is evidentiary and relevant in this case.

4

Electronic devices such as the cell phone that the defendant seeks here "are the repositories of a 'vast store of sensitive information' that can provide 'an intimate window into a person's life.'" *Commonwealth* v. *Feliz*, 486 Mass. 510, 516 (2020), quoting *Carpenter* v. *United States*, 138 S. Ct. 2206, 2214, 2217 (2018). An individual therefore "has a compelling privacy interest in the contents of his or her electronic devices." *Feliz*, 486 Mass. at 516. Where, for the reasons stated, the defendant has not satisfied the requirements for a Rule 17 summons, and where allowing her Rule 17 request would significantly intrude on Albert's and McCabe's privacy interests in a manner that far outweighs the defendant's desire for the materials requested, the court will not issue a summons for Albert's cell phone, his cell phone records, or McCabe's cell phone records.

## ORDER

For the foregoing reasons, the defendant's Motion for Order Pursuant to Mass. R. Crim. P. 17 Directed to Brian Albert, Verizon, and AT&T is **DENIED**.

Date:   June 20, 2023

Beverly J. Cannone
Justice of the Superior Court

5