UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN READ,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| MICHAEL PROCTOR, in his personal<br>capacity, SGT. YURIY BUKHENIK, in his<br>personal capacity, LT. BRIAN TULLY, in<br>his personal capacity, BRIAN ALBERT,<br>NICOLE ALBERT, JENNIFER McCABE,<br>MATTHEW McCABE, and BRIAN<br>HIGGINS,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 1:25-CV-13588- DJC |

**DEFENDANT MICHAEL PROCTOR'S MOTION TO CONDUCT LIMITED
DISCOVERY TO THIRD PARTIES PRIOR TO THE COURT'S ESTABLISHMENT OF
A RULE 16.1 AND RULE 26(f) CONFERENCES**

Now comes the defendant Michael Proctor ("Proctor") and respectfully requests that this

Honorable Court permit Mr. Proctor to conduct limited discovery on third parties prior to the

establishment of a Rule 16.1 and Rule 26(f) Conferences.  Specifically, Mr. Proctor seeks leave

of Court to serve the attached two Keepers of Records Subpoenas on the Norfolk County District

Attorney's Office ("NDAO") and the Canton Police Department ("CPD"). *See, e.g.,* Tracfone

Wireless, Inc. v. Nektova Group, LLC, 328 F.R.D. 664, 666 (D. Fl. 2019) (federal courts will

allow parties to conduct expedited  discovery in advance of a Rule 26(f) or Rule 16.1

conference where the party establishes "good cause" for such discovery).  As grounds therefore,

Mr. Proctor states that "good cause" exists to allow this Motion as he is scheduled to be deposed

(as a witness) on June 8, 2026, in a parallel case pending in Plymouth Superior Court ("the State

Court case") and Plaintiff's counsel, who represents Ms. Read in the State Court case, has

1

refused to provide Proctor with any material with which to prepare for that deposition. Indeed, Ms. Read's refusal to assent to this Motion underscores the necessity that the Court allow this Motion. It is essential that Proctor be provided access to the documents within the NDAO's and CPD's possession, custody and control in order to refresh his memory prior to his deposition, and to prepare for same.

Whatever Ms. Read's objections to this Motion may be, she will not be prejudiced by the allowance of this Motion because she has had copies of these documents for years.

In support of this Motion, the defendant relies upon, and incorporates herein, the attached Memorandum of Law.

WHEREFORE, Mr. Proctor requests that this Motion be allowed.

### LOCAL RULE 7.1 CERTIFICATION

I, Thomas V. DiGangi, hereby certify that on April 8, 2026, I spoke with counsel for the co-defendants Timothy Burke, Esquire, James Tuxbury, Esquire, and Leonard Kesten, Esquire about this Motion and all three of them informed me that they had no objection to the filing of this Motion. I further certify that on April 8, I spoke with, and emailed with, plaintiff's counsel Aaron Rosenberg, Esquire and he informed me that he would not assent to this Motion.

Respectfully submitted,

The Defendant,
MICHAEL PROCTOR
By his Attorneys,
**PIERCE DAVIS & PERRITANO LLP**

4-10-26

Thomas V. DiGangi, BBO #648415
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO # 706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
tdigangi@piercedavis.com
jcrotty@piercedavis.com

mhamel@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this _10th_ day of April, 2026.

3