UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN READ,<br>　　　Plaintiff,<br><br>v.<br><br>MICHAEL PROCTOR, in his personal<br>capacity, SGT. YURIY BUKHENIK, in his<br>personal capacity, LT. BRIAN TULLY, in<br>his personal capacity, BRIAN ALBERT,<br>NICOLE ALBERT, JENNIFER McCABE,<br>MATTHEW McCABE, and BRIAN<br>HIGGINS,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Docket No.: 1:25-CV-13588- DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MICHAEL PROCTOR'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CONDUCT LIMITED DISCOVERY TO THIRD PARTIES PRIOR TO THE COURT'S ESTABLISHMENT OF A RULE 16.1 AND RULE 26(f) CONFERENCES**

Now comes the defendant Michael Proctor ("Proctor") and submits this Memorandum of Law in support of his Motion to Conduct Limited Discovery prior to the Court's establishment of a Rule 16.1 and Rule 26(f) conferences. Specifically, Mr. Proctor seeks leave of Court to serve the attached two Keepers of Records Subpoenas on the Norfolk County District Attorney's Office ("NDAO") and the Canton Police Department ("CPD"). *See* Ex. 2. As grounds therefore, Mr. Proctor states that "good cause" exists to allow this Motion as he is scheduled to be deposed (as a witness) on June 8, 2026, in a parallel case pending in Plymouth Superior Court ("the State Court case") and Plaintiff's counsel, who represents Ms. Read in the State Court case, has refused to provide Proctor with sufficient material with which to prepare for that deposition. *See* Ex. 1, April 7, 2026 email from plaintiff's counsel. Indeed, Ms. Read's refusal to assent to this Motion underscores the necessity that the Court allow same. It is essential that Proctor be

1

provided access to the documents within the NDAO's and CPD's possession, custody and control in order to refresh his memory prior to his deposition, and to prepare for same.

No party will be prejudiced by the allowance of this Motion.

**FACTUAL BACKGROUND**

This matter arises out of the January 29, 2022, murder of John O'Keefe which received extensive media coverage over the past four-plus years. Mr. Proctor was assigned, with other members of the Massachusetts State Police, to investigate the murder. Physical evidence collected at the scene, damage to Ms. Read's motor vehicle, statements made from eyewitnesses, and statements from EMT staff that Ms. Read admitted to striking Mr. O'Keefe with her motor vehicle, combined with other evidence, established probable cause to believe that Ms. Read had struck Mr. O'Keefe with her vehicle while under the influence of alcohol. So did video footage, and testimony of various bar patrons, that showed Ms. Read drinking at least nine (9) different alcoholic beverages on the night in question.

Plaintiff's Amended Complaint alleges Ms. Read was arrested pursuant to a criminal complaint charging her with manslaughter, among other charges. A grand jury later indicted Ms. Read for second-degree murder, manslaughter, and leaving the scene of an accident resulting in death. After a hung jury was declared following her first criminal trial, the Commonwealth tried Ms. Read again. The jury in the second trial acquitted Ms. Read of murder, manslaughter, and leaving the scene of an accident resulting in death in her second criminal trial. However, the jury did convict her of operating under the influence of alcohol. M.G.L. c. 94, § 24.

Mr. Proctor is scheduled to deposed by Ms. Read's attorneys in the State Court case on June 8, 2026. Whereas Mr. Proctor is no longer employed by the Massachusetts State Police, he lacks access to all of the documents/evidence arising out of the two criminal prosecutions of Ms.

Read. Moreover, Mr. Proctor's counsel has requested that Ms. Read's attorneys provide to Mr. Proctor documents sufficient to refresh his memory in advance of the deposition, but Ms. Read's attorneys have refused to do so, stating that they have "no obligation, by Rule or other law," to provide Mr. Proctor with the documents. *See* Ex. 1.

## ARGUMENT

Fed. R. Civ. P. 26 (d)(1) states in relevant part that a "party may not seek discovery form any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by court order." Fed. R. Civ. P. 26(d)(1). However, it is also well established that "control of discovery is entrusted to the sound discretion of the trial courts." Adams v. Gissell, 2022 WL 14772785, *2 (D. Mass. 2022). Indeed, trial courts enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery. MAS Partners, LP v. Shear, 208 F. Supp. 3d. 384, 387 (2016). Federal courts will allow parties to conduct expedited discovery in advance of a Rule 26(f) or Rule 16.1 conference where the party establishes "good cause" for such discovery. *See, e.g.,* Tracfone Wireless, Inc. v. Nektova Group, LLC, 328 F.R.D. 664, 666 (D. Fl. 2019), *citing* Semitool, Inc. v. Tokyo Electron Am., 208 F.R.D. 273, 275 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

In this case, "good cause" exists for this Honorable Court to issue an order allowing the service of the Keepers of Records Subpoenas. First, Proctor is scheduled to be deposed on June 8th in the State Court case where he will be subject to examination by plaintiff Karen Read's counsel (Ms. Read is a defendant in the State Court case). He will also be subject to examination from counsel for at least three other parties in that State Court case. Upon information and belief, and based upon representations made in open court by the parties in the State Court case,

3

there are 100,000's of pages of discovery produced by Ms. Read in the State Court case.  Upon

information and belief, included within these documents are police and investigative reports

authored by Proctor, other Massachusetts State Troopers and CPD officers.  There are likely to be

trial transcripts from Ms. Read's two criminal trials in the State court, photographs, witness

statements, videos and other evidence that Proctor once had access to.  As he no longer is a

Massachusetts State Police trooper, Proctor no longer has access to all of these

documents/evidence.  In order to refresh his memory at this deposition, and prepare for his

deposition, it is crucial that Mr. Proctor be allowed to review these documents prior to his

deposition.

Whereas Ms. Read and her counsel  have had access to many of these documents since

approximately February or March, 2022, no prejudice will result to them.  None of the co-

defendants will be prejudiced by the allowance of this Motion and none of the co-defendants

have voiced any objections to the filing of this Motion.

Wherefore, Proctor respectfully requests that this Motion be ALLOWED.

## LOCAL RULE 7.1 CERTIFICATION

I, Thomas V. DiGangi, hereby certify that on April 8, 2026, I spoke with counsel for the co-defendants Timothy Burke, Esquire, James Tuxbury, Esquire, and Leonard Kesten, Esquire about this Motion and all three of them informed me that they had no objection to the filing of this Motion.  I further certify that on April  8, I spoke and emailed with plaintiff's counsel Aaron Rosenberg, Esquire and he informed me that he would not assent to this Motion.

Respectfully submitted,

The Defendant,
MICHAEL PROCTOR
By his Attorneys,

4

PIERCE DAVIS & PERRITANO LLP

4-10-26

Thomas V. DiGangi, BBO #648415
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO # 706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
tdigangi@piercedavis.com
jcrotty@piercedavis.com
mhamel@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this _____10_____ day of April, 2026.

5