**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| KAREN READ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-CV-13588-DJC |
| v. | ) | |
| | ) | |
| MICHAEL PROCTOR, in his personal | ) | |
| capacity; SGT. YURIY BUKHENIK, in his | ) | |
| personal capacity; LT. BRIAN TULLY, in | ) | |
| his personal capacity; BRIAN ALBERT; | ) | |
| NICOLE ALBERT; JENNIFER McCABE; | ) | |
| MATTHEW McCABE; and BRIAN | ) | |
| HIGGINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## THE COMMONWEALTH WITNESSES' ASSENTED TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM

Pursuant to Local Rule 7.1(b)(3), Defendants Brian Albert, Nicole Albert, Matthew McCabe, Jennifer McCabe, and Brian Higgins (the "Commonwealth Witnesses") respectfully seek leave of the Court to file a reply memorandum in support of their Special Motion to Dismiss Under Massachusetts' Anti-SLAPP Statute and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. Nos. 64-65 (the "Motions").

In support thereof, the Commonwealth Witnesses state the following:

1.      On May 14, 2026, Plaintiff Karen Read ("Read") filed an omnibus opposition to the Motions, which included a memorandum of law, affidavits by Read and her counsel, as well as various exhibits. *See* Dkt. Nos. 74-75.

2.      The opposition makes certain arguments that the Commonwealth Witnesses believe render a reply appropriate. In particular, the opposition (1) includes arguments related to the applicability of certain Supreme Court precedent that was not discussed in the Motions; (2) raises counterarguments pertaining to the doctrine of absolute immunity and the accrual dates of various

statutes of limitations that the Commonwealth Witnesses assert they have not yet had the opportunity to address; and (3) relies on testimony and evidence that the Commonwealth Witnesses have yet to address.

3.      Further, the opposition cites to "portions of transcripts from the grand jury testimony of various witness," which were "[w]ithheld for *in camera* review or filing pursuant to an order of impoundment." Dkt. No. 74-2 at ¶ 10. The Commonwealth Witnesses do not yet have a copy of this evidence. Read has indicated that she will promptly either produce that evidence to all parties or file a motion seeking the appropriate court's permission to do so.

4.      For these reasons, the Commonwealth Witnesses require additional time than would otherwise be necessary to prepare and file a reply.

5.      Accordingly, the Commonwealth Witnesses respectfully submit that their reply will assist the Court in its disposition of the Motions.

6.      The Commonwealth Witnesses anticipate that their reply will not exceed twenty (20) double-spaced pages and will be filed on or before June 3, 2026.

7.      On May 19, 2026, the undersigned reached out to counsel for Read and the remaining Defendants regarding the instant motion, who indicated that Read and the remaining Defendants assent to the relief sought herein.

Dated: May 20, 2026

Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ James L. Tuxbury*
James L. Tuxbury (BBO #624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street

2

Boston, MA 02109
Telephone: 617-345-9000
jtuxbury@hinckleyallen.com

30 South Pearl Street – Suite 1101
Albany, NY 12207
Telephone: 518-396-3100
kmurphy@hinckleyallen.com

## **CERTIFICATE OF SERVICE**

I certify that, on May 20, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

*/s/ Kieran T. Murphy*
Kieran T. Murphy
