**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN READ,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>               Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No. 1:25-CV-13588-DJC |

## THE COMMONWEALTH WITNESSES' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OPPOSITION TO MOTION TO DISMISS

Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe, and Brian Higgins (collectively, the "Commonwealth Witnesses") respectfully oppose Plaintiff Karen Read's Motion to Amend Opposition to Motion to Dismiss (the "Motion"). *See* Dkt. No. 78. The Court should deny the Motion because the proposed amendment is futile. It does not cure the evidentiary and procedural defects that infected Plaintiff's original Opposition; it merely relabels the citation while leaving unsupported factual propositions in place. As the Commonwealth Witnesses detailed in their Reply Memorandum, Dkt. No. 79, the Opposition is replete with mischaracterizations of trial testimony, failures to cite precise transcript portions, and reliance on evidence that does not support Ms. Read's claims. The Motion is simply more of the same. Leave to amend should be denied.

### I.    BACKGROUND

On May 14, 2026, Plaintiff filed her Opposition to the Commonwealth Witnesses' Special

Motion to Dismiss and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), supported by the Declaration of Damon M. Seligson and numerous attachments. *See* Dkt. No. 74. Page 15 of the Opposition included two factual assertions citing "Attachment 4" to the Seligson Declaration: that Nicole Albert testified before a grand jury that she went to bed as soon as everyone left her house, and that Brian Albert testified before the federal grand jury that he and Nicole were awake and having intimate relations at 2:22 a.m. *See id.* at 15.

Plaintiff never filed Attachment 4 with the Court, never provided it to opposing counsel, and never made it the subject of a motion to seal. Despite counsel's best efforts to obtain a copy before filing the Reply, the Commonwealth Witnesses were unable to obtain Attachment 4 from Plaintiff's counsel and therefore could not review the material upon which Ms. Read relied.

On June 3, 2026—the same day the Commonwealth Witnesses' Reply was due—Plaintiff filed the instant Motion. The Motion acknowledges that Attachment 4 "concern[s] grand jury testimony" and that "Massachusetts law requires that grand jury minutes be maintained securely." Dkt. No. 78 at 1.  Ms. Read previously invoked Mass. Gen. Laws c. 268, § 13D as the basis for withholding.  *See* attached Declaration of Kieran T. Murphy in Support of Opposition ("Murphy Decl."), Ex. 1.  She now requests leave to file an Amended Seligson Declaration that "simply omits Attachment 4" and a "minimally revised Opposition" that cites "existing Attachment 9" instead. *Id.*

Ms. Read's proposed revised Opposition retains the same factual assertions at page 15 but replaces each citation to Attachment 4 with a citation to Attachment 9.  Specifically, the Revised Opposition states: "Nicole Albert testified before the grand jury that she went to bed as soon as everyone left her house.  See Attachment 9 to Seligson Decl." Dkt. No. 78-1 at 15.  It further states: "Brian Albert testified before the federal grand jury that he and Nicole were awake and

having intimate relations at 2:22am. See Attachment 9 to Seligson Decl." *Id.* Plaintiff's proposed Amended Declaration identifies Attachment 9 as "portions of the transcript of the trial testimony of Brian Albert." Dkt. No. 78-2 at ¶ 14. It does not identify Attachment 9 as containing Nicole Albert's grand jury testimony or Brian Albert's federal grand jury testimony.

## II.    ARGUMENT

For the reasons set forth below, the proposed revised Opposition fails to remedy the original Opposition's deficiencies and should not be permitted.[1]

### A. The Proposed Amendment is Futile Because Attachment 9 Does Not Support the Propositions it is Cited to Establish

Ms. Read's proposed revised Opposition continues to assert, at page 15, that (1) "Nicole Albert testified before the grand jury that she went to bed as soon as everyone left her house," and (2) "Brian Albert testified before the federal grand jury that he and Nicole were awake and having intimate relations at 2:22am." *See* Dkt. No. 74-1 at 15. The citation for both propositions is now "Attachment 9 to Seligson Decl." *Id.*

But the Amended Seligson Declaration, sworn under the pains and penalties of perjury, identifies Attachment 9 solely as "portions of the transcript of the trial testimony of Brian Albert." Dkt. No. 78-2 at ¶ 14 (emphasis added). Attachment 9 is, according to Ms. Read's counsel, Brian Albert's trial testimony. It is not Nicole Albert's grand jury testimony. It is not Brian Albert's federal grand jury testimony. It is, on the face of the Amended Declaration, a document that cannot contain what Ms. Read says it contains. If the cited testimony about Nicole Albert's grand jury statements and Brian Albert's federal grand jury statements existed only in Attachment 4 (the omitted grand jury material), then Attachment 9 cannot substitute for it. The proposed amendment

---

[1] Additionally, the Court could exercise its inherent authority to strike the Motion as untimely. Plaintiff does not cite any law or Federal Rule of Civil Procedure permitting such a Motion.

removes the evidence while leaving the unsupported factual propositions intact.

Moreover, review of Attachment 9 reveals that it contains the trial (not grand jury) testimony of Julie Albert, Nicole Albert, and Brian Albert. Notably, nowhere in Brian's or Nicole's trial testimony do they mention what they told the grand jury regarding their activities after the other Commonwealth Witnesses left 34 Fairview. The only portions of the cited trial testimony that are even remotely related to the allegations on page 15 of the Opposition are that: (1) Nicole Albert's testimony to the jury in the first criminal case that she went to bed around 2:00-2:30 a.m., *see* Dkt. No. 74-11 at 84:5-15; and (2) Brian Albert's testimony to the jury in the first criminal case that he and Nicole "watched TV and kind of hung out together for awhile and then went to sleep" around 2:00 a.m., *see id.* at 201:21-202:13.

A citation that does not correspond to the proposition it purports to support is no citation at all.  Relabeling the source does not transform an unsupported assertion into a supported one. The proposed amendment is therefore futile and leave should be denied.

### B.  Mass. Gen. Laws c. 268, § 13D Does Not Justify Withholding Attachment 4

On June 1, 2026, following repeated requests from defense counsel to obtain a copy of Attachment 4 from Ms. Read, her counsel forwarded a proposed "Assented To Motion to Amend." *See* Murphy Decl., Ex. 1.  In that proposed motion, Ms. Read's counsel invoked, *inter alia*, Mass. Gen. Laws c. 268, § 13D to support her position that defense counsel was not entitled to a copy of Attachment 4, since it contains "grand jury transcripts or descriptions intended to compromise investigations."  *Id.* at ¶ 2.

Ms. Read's invocation of Section 13D rings hollow. Whatever obligation that statute imposes regarding the maintenance and secrecy of grand jury minutes, Ms. Read herself disclosed the purported substance of the grand jury testimony in her original Opposition. The original filing described, in open briefing before this Court, what Ms. Read characterizes as Nicole Albert's grand

4

jury testimony and Brian Albert's federal grand jury testimony. If Section 13D requires secrecy, it was Ms. Read who breached that requirement by describing the testimony's substance. She cannot now invoke the same statute to justify withholding the source document from the Court and opposing counsel while simultaneously asking the Court to credit her characterization of its contents.

The proposed amendment does not remedy this problem. Instead of filing Attachment 4 under seal or seeking other appropriate relief, Ms. Read proposes to delete the exhibit and redirect the citations to a document (Attachment 9) that her own declaration identifies as something else entirely. The factual assertions remain in the brief, unsupported by any verifiable evidence. This is not a cure; it compounds the original defect.

### C. The Proposed Amendment Reflects a Broader Pattern of Unsupported and Mischaracterized Evidence that Amendment Cannot Cure

The Motion is another instance of the systematic evidentiary problems the Commonwealth Witnesses identified in their Reply. The Opposition repeatedly mischaracterizes exhibits, fails to cite precise portions of testimony, relies on broad citations to hundreds of pages of trial transcripts, and frustrates verification by filing supporting materials without optical character recognition. *See* Dkt. No. 79 at 8, n.7. The proposed amendment corrects none of this. It merely swaps a citation label on two assertions that remain unsupported. Amendment under these circumstances would be futile and should be denied.

### D. Permitting Amendment Would Prejudice the Commonwealth Witnesses

Granting leave to amend would prejudice the Commonwealth Witnesses in multiple respects. First, it would permit Ms. Read to maintain factual assertions in her Opposition unsupported by any filed, verifiable evidence. The Commonwealth Witnesses have never had an opportunity to review the substance of the grand jury testimony Ms. Read describes because it was

5

never provided to them. If the Court permits the amendment and credits the unsupported assertions, the Commonwealth Witnesses will be denied the opportunity to address the actual evidence underlying those claims.

Second, permitting amendment rewards Ms. Read's decision to cite undisclosed material in her original Opposition. Plaintiff chose to rely on grand jury testimony that she now concedes she could not properly disclose. Rather than seeking appropriate relief before filing, she filed the Opposition with the citation, withheld the exhibit, and now seeks to paper over the problem after the Commonwealth Witnesses identified it. Granting leave under these circumstances would signal that a party may rely on secret evidence with impunity, confident that she can withdraw the citation if challenged.

Third, permitting amendment without requiring the actual evidence to be filed deprives the Commonwealth Witnesses of any meaningful opportunity to respond. On the present record, the Commonwealth Witnesses cannot evaluate whether the described testimony exists, whether Ms. Read's characterization of it is accurate, or whether it actually supports the propositions advanced. Given Ms. Read's demonstrated pattern of mischaracterizing testimony throughout her Opposition, this concern is not theoretical.

### III.    CONCLUSION

For the foregoing reasons, the Commonwealth Witnesses respectfully request that this Court deny Plaintiff's Motion to Amend Opposition to Motion to Dismiss.

In the alternative, should the Court permit any amendment, the Commonwealth Witnesses respectfully request that the Court:

(a)    Strike from the proposed revised Opposition any reference to grand jury testimony that is unsupported by evidence actually filed with this Court;

(b)    Disregard any factual assertion in the proposed revised Opposition unsupported by the public record actually filed and provided to the Commonwealth Witnesses;

6

(c)     Require Ms. Read to file any material upon which she relies, subject to a proper sealing motion; and

(d)     Permit the Commonwealth Witnesses to file a supplemental response after receiving and reviewing any properly filed material.

Dated: June 17, 2026                    Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ James L. Tuxbury*
James L. Tuxbury (BBO No. 624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA  02109
(617) 378-4162
jtuxbury@hinckleyallen.com

30 S. Pearl Street, Suite 1101
Albany, NY 12210
(518) 396-3100
kmurphy@hinckleyallen.com

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 17, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

*/s/ Kieran T. Murphy*
Kieran T. Murphy
