**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN READ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-CV-13588-DJC |
| | ) |
| MICHAEL PROCTOR, in his personal | ) |
| capacity; SGT. YURIY BUKHENIK, in his | ) |
| personal capacity; LT. BRIAN TULLY, in | ) |
| his personal capacity; BRIAN ALBERT; | ) |
| NICOLE ALBERT; JENNIFER McCABE; | ) |
| MATTHEW McCABE; and BRIAN | ) |
| HIGGINS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## THE COMMONWEALTH WITNESSES' SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF MOTIONS TO DISMISS

On June 22, 2026, the Court allowed Plaintiff Karen Read's ("Ms. Read") motion to amend her opposition. *See* Dkt. No. 82. With the Court's permission, *id.*, Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe, and Brian Higgins (collectively, the "Commonwealth Witnesses") now respectfully submit this supplemental reply in further support of their motions to dismiss the Amended Complaint pursuant to the Massachusetts anti-SLAPP statute and Fed. R. Civ. P. 12(b)(6), *see* Dkt. Nos. 64-65.

Ms. Read's amended opposition confirms what the Commonwealth Witnesses have maintained throughout this motion practice: her anti-SLAPP arguments lack the evidentiary support necessary to obtain dismissal.

As detailed in the Commonwealth Witnesses' opposition to Ms. Read's motion to amend her opposition, Dkt. No. 81, the amended opposition addresses an allegation that purportedly supports Ms. Read's argument that the Commonwealth Witnesses' petitioning activity was devoid

1

of a factual or legal basis, *see* Dkt. No. 78-1 at 15.[1]  Specifically, Ms. Read alleges that Nicole Albert testified to a grand jury that she went to bed as soon as the Commonwealth Witnesses left 34 Fairview, but Brian Albert testified to the federal grand jury that he and Ms. Albert "were awake and having intimate relations at 2:22am."  *Id.*  Originally, Ms. Read cited "Attachment 4" in support of that claim, which her counsel attested was "portions of transcripts from the grand jury testimony of various witnesses."  Dkt. No. 74-2 at 2.  However, Ms. Read never filed Attachment 4 with the Court, never provided it to opposing counsel, and never made it the subject of a motion to seal.  Instead, Ms. Read filed an amended opposition that replaced Attachment 4 with "Attachment 9," which Ms. Read's counsel attests is "portions of the transcript of the ***trial testimony*** of Brian Albert."  Dkt. No. 78-2 at 2 (emphasis added).  For the following reasons, the Court should disregard entirely the allegation that was the subject of Ms. Read's motion to amend when considering the Commonwealth Witnesses' motions to dismiss.

First, and most notably, Attachment 9 does not support the allegation at issue.  Nor could it.  The affidavit submitted by Ms. Read's counsel, sworn under the pains and penalties of perjury, admits that Attachment 9 is trial testimony, not grand jury testimony.  Moreover, Attachment 9 does not contain any reference to what Brian or Nicole Albert told the grand jury regarding their bedtime activities after the Commonwealth Witnesses left 34 Fairview, nor does it mention anywhere that Brian Albert previously testified that he and Nicole Albert were having intimate relations at 2:22am on January 29, 2022.  *See* Dkt. No. 74-11 at 55-232.  Accordingly, Ms. Read has offered no evidence to support this allegation, and the Court should disregard it.

Second, by substituting Attachment 9 for the improperly withheld[2] Attachment 4, Ms. Read

---

[1] Citations herein refer to the pagination generated by the Court's electronic filing system, CM/ECF.

[2] As detailed in the Commonwealth Witnesses' opposition to Ms. Read's motion to amend, Ms. Read's counsel previously invoked, *inter alia*, Mass. Gen. Laws c. 268, § 13D to support her position that defense counsel was not entitled to a copy of Attachment 4, since it contains "grand jury transcripts or descriptions intended to compromise

2

exposes a pattern that pervades her entire opposition.    The opposition systematically (i) mispresents testimony, attributing statements to witnesses who never made them; (ii) fails to cite precise portions of testimony, neglecting to include necessary pincites; and (iii) frustrates verification by filing supporting materials without optical character recognition.  *See* Dkt. No. 79 at 8, n.7.  By way of example, Ms. Read alleges that Dr. Irini Scordi-Bello testified that Officer O'Keefe "suffered dog bite wounds," Dkt. No. 74 at 13, but her trial testimony states absolutely nothing about a dog or dog bites, *see* Dkt. No. 74-3 at 115:19-23.  Additionally, the opposition attaches the wrong portions of the testimony of Ian Whiffin, since the correct portion of his testimony reveals that Mr. Whiffin never testified that Officer O'Keefe's cellphone "was at some point inside the Alberts' home."   Dkt. No. 79 at 10, n.8.  Replacing Attachment 4 with an attachment that does not support the allegation at issue is just another instance of Ms. Read attempting to deflect the Court's attention away from what evidence was actually admitted during Ms. Read's criminal trials.  This repeated practice of characterizing evidence in a particular manner only for the evidence itself to plainly fail to support those characterizations undermines the credibility of both Ms. Read's opposition and her Amended Complaint.

Finally, the amended opposition fails to cure the most fatal flaw with respect to Ms. Read's anti-SLAPP argument.  Specifically, Ms. Read still does not provide the Court with any evidence that the Commonwealth Witnesses' statements to police and at trial that Officer O'Keefe never entered 34 Fairview on January 29, 2022 were devoid of a factual or legal basis.  On this record— where no witness, including Ms. Read, has ever testified that Officer O'Keefe entered 34

---

investigations."  *See* Dkt. No. 81-1 (Murphy Decl.) at ¶ 2.  Reliance on § 13D is misplaced since, if such provision requires that grand jury testimony be kept secret, it was Ms. Read who breached that requirement by describing the testimony's substance in her original opposition.  Put differently, Ms. Read invoked a secrecy provision to shield materials whose substance she had already publicly disclosed.  Accordingly, Ms. Read fails to provide a legal basis for withholding Attachment 4 from defense counsel and the Court.

Fairview—Ms. Read cannot carry her "difficult" burden under the second anti-SLAPP prong.  Ms. Read also provides no evidence to contradict Ms. McCabe's statements to police and her trial testimony (*i.e.*, her petitioning activity) that Ms. Read made several incriminating statements on January 29, 2022.  Ms. Read does not deny that she made the statements identified by Ms. McCabe to the police and at trial.  In short, the amended opposition changes nothing.

For the reasons stated herein, as well as those outlined in the Commonwealth Witnesses' motions to dismiss, Dkt. Nos. 64-65, and their reply in further support of their motions to dismiss, Dkt. No. 79, the Court should dismiss Ms. Read's Amended Complaint in its entirety, award the Commonwealth Witnesses their attorneys' fees, and grant any other relief the Court deems just and proper.

Dated: June 28, 2026

Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ Kieran T. Murphy*
James L. Tuxbury (BBO No. 624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA  02109
(617) 378-4162
jtuxbury@hinckleyallen.com

30 S. Pearl Street, Suite 1101
Albany, NY 12210
(518) 396-3100
kmurphy@hinckleyallen.com

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 28, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

*/s/ Kieran T. Murphy*
Kieran T. Murphy
