**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN READ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL PROCTOR, in his personal capacity; SGT. YURIY BUKHENIK, in his personal capacity; LT. BRIAN TULLY, in his personal capacity; BRIAN ALBERT; NICOLE ALBERT; JENNIFER McCABE; MATTHEW McCABE; and BRIAN HIGGINS,<br><br>        Defendants. | )<br>)<br>)<br>)   Civil Action No. 1:25-CV-13588-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE COMMONWEALTH WITNESSES' OPPOSITION TO PLAINTIFF KAREN READ'S EMERGENCY MOTION TO RESCHEDULE HEARING ON SPECIAL MOTION TO DISMISS AND 12(b)(6) MOTIONS

Defendants Brian Albert, Nicole Albert, Jennifer McCabe, Matthew McCabe, and Brian Higgins (the "Commonwealth Witnesses") respectfully oppose Plaintiff Karen Read's Emergency Motion to Reschedule Hearing on Special Motion to Dismiss and 12(b)(6) Motions, Dkt. No. 84 ("Motion" or "Mot."). The Motion should be denied, and the hearing should proceed as scheduled.

Plaintiff's Emergency Motion asks this Court to reschedule the July 14, 2026 hearing to the week of August 17-21 based on an alleged scheduling conflict with a state court hearing. Mot. at 1. But the motion mischaracterizes the procedural history and omits critical context. In reality, Plaintiff Read already litigated this scheduling dispute in Plymouth County Superior Court, and the state court resolved her conflict by moving its hearing to the morning of July 14—a resolution that fully accommodates both proceedings. There is no genuine emergency, no conflict, and no reason for this Court to delay adjudication of the pending motions to dismiss, which were originally filed in January, at the eleventh hour.

1

## I.  ARGUMENT

### A.  The State Court Has Already Resolved the Alleged Scheduling Conflict.

Plaintiff's motion is misleading.  Read already engaged in motion practice in the Plymouth County Superior Court defamation action just last week regarding this very issue.  In her Superior Court motion, Read sought to move the state court hearing on pending anti-SLAPP motions that had been scheduled for 2:00 p.m.  In email correspondence that preceded that motion, Defendants Jennifer McCabe, Brian Higgins, and Brian Albert (plaintiffs in the Superior Court suit) proposed moving the state court hearing by a few days.  In response, Read proposed moving the state court hearing by almost a month into August.  Because agreeing to such a lengthy extension would, *inter alia*, significantly delay discovery, Defendants McCabe, Higgins, and Albert could not agree to Plaintiff's proposal.

Read then filed her motion requesting that the state court move the hearing to the first week of August.  While Defendants McCabe, Higgins, and Albert believed the number of counsel representing Read could handle the two hearings as scheduled, they proposed, as an alternative to accommodate Read's concerns and alleviate any conflict, that the state court move the hearing to the morning at 10:00 a.m. on July 14.  Read did not file any reply brief in response to the Defendants' opposition.  Hence, in her briefing before the Superior Court, while Plaintiff's counsel objected to maintaining the original date and time of the hearing, she, notably, did not object to Defendants' proposal to move the hearing to the morning of July 14.  And, in deciding Plaintiff's motion, that is precisely what the Superior Court did: the state court moved the hearing to 10:00 a.m. on July 14, 2026 so that the state court hearing would no longer conflict with the hearing scheduled in this case.

With the state court hearing now scheduled for 10:00 a.m. and this Court's hearing set for 3:00 p.m. on July 14, there is ample time between proceedings for both hearings to proceed on that

date.  The alleged scheduling conflict no longer exists.

### B.  There Have Already Been Significant Delays in This Action.

Not only is there no emergency, and the conflict has already been addressed by the Superior Court, but Read's Motion would also further delay this already significantly delayed case.  Read filed her Complaint in November 2025.  The Commonwealth Witnesses filed their first motion to dismiss on January 23, 2026.  *See* Dkt. Nos. 36-37.  Rather than oppose that motion, Plaintiff filed an Amended Complaint on March 13, 2026.  *See* Dkt. No. 54.  The Commonwealth Witnesses then moved to dismiss the Amended Complaint on April 3, 2026, *see* Dkt. Nos. 64-65, with a short assented-to extension.    Plaintiff's counsel thereafter requested—and received, with the Commonwealth Witnesses' assent—a full month to file her opposition.  *See* Dkt. No. 69.

Granting Plaintiff's Motion would postpone the Commonwealth Witnesses' opportunity to be heard on their motions until nearly eight months after those motions were originally filed.  This is of particular concern where, as here, one of those pending motions has been made pursuant to Massachusetts' anti-SLAPP statute, "[t]he purpose [of which] is to resolve anti-SLAPP suits '***quickly*** with minimum cost.'"  *Greenspan v. MasMarques*, 2025 WL 2234498, at *2 (D. Mass. July 14, 2025) (quoting *Donovan v. Gardner*, 50 Mass. App. Ct. 595, 602 (2000)) (emphasis added).

### C.  The Commonwealth Witnesses' Counsel Is Not Available the Week of August 17.

Prior to filing the present emergency motion, Read's counsel did not consult with Defendants' counsel specifically about their availability regarding the proposed alternative date for the hearing.  Counsel for Defendants is unavailable during the week of August 17, 2026 due to previously scheduled personal obligations.  While the Commonwealth Witnesses do not believe the July 14 hearing needs to be rescheduled, the Commonwealth Witnesses would alternatively propose that the hearing be rescheduled to July 15-17, depending on the Court's availability, to

avoid any further undue delay of consideration of the motions.

## II. CONCLUSION

Plaintiff styles her motion as an "emergency," but the circumstances do not warrant such treatment. The alleged scheduling conflict has been resolved by the state court. Plaintiff has not identified any new or unforeseen circumstance that prevents her from appearing at this Court's hearing on July 14 at 3:00 p.m., particularly since the state court has already moved its hearing to 10:00 a.m. that day to avoid any conflict.

For the foregoing reasons, the Commonwealth Witnesses respectfully request that this Court deny Plaintiff's Motion and maintain the hearing on the pending motions to dismiss as scheduled for July 14, 2026 at 3:00 p.m. In the alternative, should the Court be inclined to continue the hearing to a later date, the Commonwealth Witnesses respectfully request that the Court reschedule the hearing for a date between July 15-17, 2026.

Dated: July 9, 2026                    Respectfully submitted,

BRIAN ALBERT, NICOLE ALBERT, JENNIFER McCABE, MATTHEW McCABE, and BRIAN HIGGINS

By their attorneys,

*/s/ James L. Tuxbury*
James L. Tuxbury (BBO No. 624916)
Kieran T. Murphy (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA  02109
(617) 378-4162
jtuxbury@hinckleyallen.com

30 S. Pearl Street, Suite 1101
Albany, NY 12210
(518) 396-3100
kmurphy@hinckleyallen.com

4

5

## **CERTIFICATE OF SERVICE**

I certify that, on July 9, 2026, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing, pursuant to Local Rule 5.4(C).

*/s/ Kieran T. Murphy*
Kieran T. Murphy